## THE NATIONAL BANK OF THE METROPOLIS *vs.* ORCUTT.

In an action by a banking association organized under the act of congress, the defendant has a right to deny, in his answer, the legal existence of the plaintiff as a corporation; but an issue of that kind should not be tried by affidavits, on motion.

Where usury is set up as a defense, the usurious contract should be so pleaded as that it may appear what rate or amount of interest was taken or secured, and on what sum, and for what time ; and the answer should show a corrupt intent.

When these facts appear from the terms of the answer, nothing further is necessary, to make it sufficiently definite.

If the answer avers that the plaintiff discounted the drafts sued on at an usurious rate of interest, contrary to the statute in such case made and provided, and then specifies the amount of interest taken, this, though it may or may not be an insufficient averment of a corrupt intent, is not so palpably defective in this respect as to authorize a judgment for the plaintiff for frivolousness.

THIS was an action upon certain drafts discounted by the plaintiff for the defendant. The defense was usury. The answer alleged that the plaintiff discounted the drafts at an usurious rate of interest, contrary to the statute in such case, made and provided, taking from the defendant the sum of $15 for the time they had to run; though it did not, in express terms, state that the agreement was intentionally usurious. The plaintiff moved for judgment on account of the frivolousness of the answer. The court, at special term, denied the motion, and the plaintiff appealed.

CLERKE, J. I. The defendant had a right to deny the legal existence of the plaintiffs as a corporation. It is very possible that they may not have complied so exactly with the requirements of the act of congress as to make them a valid organization under that act. I see no reason why an issue of that kind should be tried by affidavits, on motion.

II. Undoubtedly the usurious contract should be so pleaded as that it may appear what rate or amount of interest was taken or secured, and on what sum, and for what time; and the answer should show a corrupt intent. When these appear from the terms of the answer, nothing further is necessary to make it sufficiently definite. In the answer before us it is expressly stated that the plaintiffs, in discounting the drafts, took the sum of $15 for the time which they had to run; thus averring what the usurious agreement was; between whom it was made; and the *quantum* of usurious interest that was agreed upon and received. It does not, indeed, in express terms, state that the agreement was intentionally usurious and corrupt. But I think this must be necessarily inferred. At all events, the answer avers that the plaintiffs discounted the drafts at a usurious rate of interest, contrary to the statute in such case made and provided, and then specifies the amount of interest taken. This may or may not be an insufficient averment of a corrupt intent;

but it is not so palpably defective in this respect as to authorize a judgment for frivolousness.

The order should be affirmed, with $10 costs.

INGRAHAM, J. I have no copy of the answer, among the papers. If usury is set up as a defense, but defectively, the answer is not frivolous, though it may be bad on demurrer.

I concur in affirming the order.

LEONARD, J. also concurred.

Order affirmed.

[NEW YORK GENERAL TERM, January 7, 1867. *Leonard, Clerke* and *Ingraham*, Justices.]