SIDNEY J. MAULE, RESPONDENT, v. JOHN CRAWFORD, APPELLANT.

*Promissory note — when non-negotiable — Usury — how it may be alleged.*

A note payable to a person therein named, and not to his order, is not negotiable, and an assignee thereof takes the same subject to all equities existing between the original parties thereto.

Where an answer attempts to set up the defense of usury, it is not necessary that a formal agreement, either verbal or written, should be set forth in so many words; it is sufficient if a usurious agreement be in substance averred.

It is enough to allege the facts as they occurred, and if such facts justify the inference of a usurious contract, the answer, no demurrer having been interposed thereto, ought to be held sufficient.

*Nat. Bank* v. *Lewis* (10 Hun. 468), distinguished.

APPEAL from a judgment in favor of the plaintiff entered upon a verdict directed by the court, and an order denying a motion for a new trial made upon the minutes of the justice and the exceptions.

The action was brought upon a promissory note in the following words and figures :

"April 1, 1875.

"Eight months after date we promise to pay to Mr. George Harse the sum of two hundred and seventy-five dollars, for value received.

"JOHN CRAWFORD,
"SARAH CRAWFORD.

"$275.00."

The defendant's answer was as follows:

"I. Alleges for a first separate and distinct defense that the note mentioned in the complaint, and upon which this action is brought, was given for a loan of two hundred and fifty dollars,

upon which the said George Harse wrongfully, unlawfully and corruptly reserved the sum of twenty-five dollars as a usurious interest or bonus, for the loan or use of the said sum of two hundred and fifty dollars for the period of eight months, specified in the said note.

" II. And for a second separate and distinct defense, the defendant alleges that before this action there was paid on account of said note the sum of one hundred and seven dollars."

Upon the trial the first defense was stricken out, on the ground that it was not alleged that the alleged usurious interest or bonus was reserved in pursuance of an agreement to that effect.

*John H. Knaebel*, for the appellant.

*Hugo Hirsh*, for the respondent. The plea of usury at common law, and the answer setting up the same defense under the Code, *must set forth the usurious agreement*, the names of the parties between whom it was made, the amount loaned, the amount of usury agreed to be paid, the length of time for which the loan was agreed to be made, and that the agreement was corrupt. (*National Bank of Auburn* v. *Edwin Lewis*, 10 Hun, 468 and cases there cited; *Bank of Utica* v. *Wager*, 2 Cow., 712; *Raynor* v. *Amer. Life Ins. and Trust Co.*, 1 Ch. Dec., 85; *Lowry* v. *Chautauqua Co. Bank*, Clark Ch., 67; *Bank of Monroe* v. *Strong*, Ibid., 76; *Curtis* v. *Swartwout*, 1 N. Y. Leg. Obs., 406; *Gasner* v. *Labaw*, 2 Ibid., 136; *American Life Ins. & Trust Co.* v. *Bayard*, 5 Ibid., 30; *Mumford* v. *American Life Ins. & Trust Co.*, 4 N. Y., 463; *Talmage* v. *Pell*, 7 Ibid., 328; *Crocker* v. *Colwell*, 46 Ibid., 212; *Pomeroy* v. *Ainsworth*, 22 Barb., 118; *Perrine* v. *Hotchkiss*, 2 Lans., 416; R. S. [Banks & Bro. Edition,] Vol. II. p. 1165, Sec. 5.)

GILBERT, J.:

The county judge erred in ruling that a payment upon the note in suit before the transfer thereof to the plaintiff, did not bind the latter without notice. The reverse is the established rule of law. The statute (1 R. S. 768, § 1), defines what shall give to a promissory note the quality of negotiability. It must

be payable to another person or his order, or to the order of another person, or to the bearer.    The note in suit was payable to George Harse only, and was, therefore, not negotiable. The plaintiff took it subject to all equities existing between the original parties, for an assignee of a chose in action stands in no better position than his assignor, in respect to any thing which occurred before the assignment.

I think also that the court erred in striking out the defense of usury.    The plaintiff should have demurred.    (*Lathrop* v. *Godfrey*, 3 Hun, 742; *National Bank of the Metropolis* v. *Orcutt*, 48 Barb., 256.)    That part of the answer was neither sham nor frivolous.    On the contrary I think it is by no means clear that it should have been held bad on demurrer.

It is averred that a note for $275 was given for a loan of $250, and that the payee thereof, wrongfully, unlawfully and corruptly reserved the sum of $25 as usurious interest for the loan of said sum of $250 for the period of eight months.    Proof of a loan of $250 and a demand by the lender of a note for $25 more than the sum loaned, as compensation for, or interest upon the same, and a compliance with such demand by the borrower, certainly would have warranted the jury in finding that a usurious contract to that effect was made.    It is not necessary that a formal agreement, either verbal or written, should be set forth in so many words.    It is enough to allege the facts as they occurred, and if such facts justify the inference of a usurious contract, the answer ought to be held sufficient.    (*Merch. Ex. Nat. Bank* v. *Com. Warehousing Co.*, 49 N. Y., 638.)    No stricter rule of pleading should be administered in a case of usury than in any other case. In the case of *Nat. Bank* v. *Lewis* (10 Hun, 468), it was held that the answer did not allege an agreement between the parties. We might doubt the correctness of that construction of the answer in that case, but there can be no question that in pleading usury, a usurious agreement must be in substance averred. No demurrer to the answer in this case having been interposed, we think it should have been held sufficient to admit the evidence of the usury which was offered.

The order denying a new trial, and the judgment must be reversed with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial reversed, and new trial granted with costs to abide the event.