# WHEELING.

### NORVELL v. HEDRICK, TRUSTEE, et al.

Submitted January 25, 1883—Decided April 21, 1883.

1. Real estate is, by deed, conveyed to a trustee for the sole use of Ruth, the wife of N., with power to said trustee, upon the written request of said Ruth attested by a credible witness, to sell and convey the same in fee simple to any person she may designate by writing as aforesaid. The trustee in pursuance of such written request by Ruth, conveys said real estate by trust-deed to secure the payment of a note executed by said Ruth. HELD:

The said conveyance by the trustee under said power operated as a grant from the grantors in the deed creating the use and conferring the power and not as a grant from the usee, the said Ruth; and consequently, said conveyance by the trustee, under said power, operated as a valid conveyance of the *corpus* of said real estate, although neither the said Ruth nor her husband was a party thereto, and the husband did not unite in said written request. (p. 527.)

2. Where usurious interest has been paid and the transaction closed, the borrower may recover back from the lender the excess so paid beyond the legal rate, in an action of *assumpsit* for money had and received; but if the debt or any part of it, on which

such usurious interest has been paid, remains unpaid, a court of equity in stating the account between the parties will credit upon the principal of such unpaid part whatever usurious interest has been paid, and give the lender a decree for his debt with legal interest only. (p. 529.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Kanawha, rendered on the 5th day of June, 1880, wherein Ruth A. Norvell was plaintiff, and Charles Hedrick, trustee, and others were defendants, allowed upon the petition of said Norvell.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

SNYDER, JUDGE, furnishes the following statement of the case:

W. A. Whitaker and wife and A. W. Quarrier, by deed dated June 21, 1862, conveyed certain real estate situate in Charleston, Kanawha county, to Elizabeth Merriam for life with remainder to A. W. Quarrier, trustee, for the sole use of Ruth, the wife of W. G. Norvell, with power to said trustee to sell said real estate in the manner therein prescribed. The provision of said deed creating said trust and power is as follows:

" The reversion (remainder) of the aforesaid real estate and appurtenances to be to A. W. Quarrier as trustee for Ruth, the wife of William Gaston Norvell, of the said county of Kanawha, and to her sole use, benefit and behoof forever, and to and for no other use or purpose whatsoever, with power and authority to the said A. W. Quarrier, trustee as aforesaid, upon the written request of the said Ruth, attested by a credible witness, to have the said real estate, or to sell and convey the same by deed in fee simple to any person that she may designate by the writing aforesaid."

The said A. W. Quarrier having departed this life, by an order of the circuit court of Kanawha county, made June 8, 1866, W. A. Quarrier was substituted as trustee in his stead in said deed with " all the rights, powers, duties and responsibilities conferred upon said former trustee by the deed aforesaid; " that said W. A. Quarrier, trustee, upon the

written request of said Ruth, the wife of said W. G.
Norvell, signed by her and attested by two witnesses,
by deed dated January 13, 1871, conveyed to Charles Hed-
rick, trustee, the said real estate, "in trust to secure to
E. Rooke & Co. the payment of a note executed by Ruth A.
Norvell, wife of Wm. G. Norvell, to them, for the sum of
one thousand five hundred dollars, said note bearing even
date with this deed, and payable one year after date, with
interest at the rate of twelve per centum per annum." The
said deed and written request were admitted to record in
said county—the deed upon the acknowledgment of said
trustee and the written request upon a certificate of the privy
examination of said Ruth A. Norvell. The said Chas. Hed-
rick, trustee, advertised said real estate to be sold on July
30, 1877, under said trust-deed to him, for the payment of
the debt therein secured; and thereupon the said Ruth A.
Norvell exhibited her bill in the circuit court of Kanawha
county, and on July 28, 1877, obtained an order of injunc-
tion restraining the said Chas. Hedrick, trustee, and all
others from selling said real estate under said trust-deed
until the further order of said court. She made defendants
to her bill the said Chas. Hedrick, trustee, her husband, the
said W. G. Norvell, and E. Rooke and Elijah Norton parties
composing the firm of E. Rooke & Co. and subsequently, by
an order of the court, W. A. Quarrier, trustee, was also
made a defendant. The plaintiff, after setting out in her
bill that she was a married woman living with her husband
and in detail the foregoing facts, charges therein that she is
advised and believes the said trust-deed to said Hedrick,
trustee, is of no effect, either in law or equity, to bind her
separate estate; that, neither she nor her husband being
parties thereto, it does not convey either the legal or the
equitable title of said real estate; and that no sale can be
made thereunder by said Hedrick, trustee; that the provi-
sion of said deed for the payment of twelve per centum per
annum as interest on said debt of one thousand five hundred
dollars is usurious, and she is not by law required to pay such
usury, but which the said E. Rooke & Co. are attempting to
collect by the sale of said real estate; that she and her hus-
band have made payments on said debt for which no credits

have been given but the dates and amounts of said payments she is not able to state. And she prays, that said trust-deed to said Hedrick, trustee, may be declared void so far as it affects her; that, if it can not be so declared, then she asks that an account may be ordered to ascertain the true amount due the said E. Rooke & Co. after deducting all credits and usurious interest upon said debt; that said E. Rooke & Co. and said Hedrick, trustee, may be enjoined from further proceedings under said trust-deed by sale or otherwise; and for general relief.

The said E. Rooke & Co. filed their answer to said bill in which they admit the facts stated by the plaintiff, but deny that said trust deed to Hedrick, trustee, is illegal or invalid as to the plaintiff. They admit the payment of the interest on their said debt at the rate of twelve per cent. per annum up to January 13, 1875, and aver that the loan of said one thousand five hundred dollars was made at the special request of the plaintiff; that she used the same for the erection of a store house which she built on said real estate at a cost of one thousand five hundred dollars, and the same is a valuable addition thereto; and that when said loan was made they took from the plaintiff her note which they still hold, and that at that time money was worth and freely borrowed in Kanawha county at from twelve to fifteen per cent. per annum. To this answer the plaintiff replied generally. The bill was taken for confessed as to all the other defendants.

On December 5, 1878, the defendants, E. Rooke & Co., moved said circuit court to dissolve the plaintiff's injunction which motion the court overruled and referred the cause to a commissioner, who subsequently reported that the payments made on said trust debt were by agreement applied at the time of payment to the discharge of the interest thereon at the rate of twelve per cent. and that after deducting all payments at said rate of interest there remained of the principal of said debt on February 21, 1875, one thousand four hundred and eighty-three dollars and ten cents which with the interest thereon from said date to May 21, 1879, at six per cent. amounted to one thousand eight hundred and sixty-one dollars and twenty-nine cents. But calculating the interest on said debt for the whole time at six per cent. and

deducting the payments at their respective dates, the unpaid balance due thereon was on May 21, 1879, one thousand three hundred and seventy-three dollars and ninety cents.

The cause was again heard on June 5, 1880, and on that day the court, being of opinion that said sum of one thousand three hundred and seventy-three dollars and ninety cents was the proper balance due on the said trust debt, decreed that the plaintiff's injunction be dissolved; that the plaintiff pay to the defendants, E. Rooke & Co., the sum of one thousand four hundred and forty-one dollars and eighty-seven cents being the principal of said balance of one thousand three hundred and seventy-three dollars and ninety cents and interest on the principal thereof from May 21, 1879, to the date of the decree; and ordered that unless the said debt should be paid within thirty days, the said real estate should be sold by a commissioner for one fourth cash and the residue upon a credit of six, twelve and eighteen months. From this decree the plaintiff Ruth A. Norvell obtained an appeal and *supersedeas.*

*S. A. Miller* for appellant.

*Charles Hedrick* for appellees cited the following authorities: 13 W. Va. 684; Code Va. (1860) 571; Code 448; 9 Leigh 207; 11 W. Va. 123; 5 Leigh 478; Code Va. (1860) p. 625 § 8.

SNYDER, JUDGE, announced the opinion of the Court:

It is claimed by the appellant, that the trust-deed of January 13, 1871, from W. A. Quarrier, trustee, to Chas. Hedrick, trustee, did not operate as a conveyance of either the legal or equitable title to the real estate therein described; because neither she nor her husband is a party thereto, nor was it signed or acknowledged by either; and because she being a married woman and her husband not having united in the written request, her privy examination and acknowledgment of said request are of no effect as to her.

These objections rest, evidently, upon a misapprehension of the law and the facts in this cause. The legal title to the property was not vested in Mrs. Norvell. She was merely

the equitable owner, and the deed, which conferred upon her the use, also prescribed the mode and manner of disposing of the property. The person who made the grant and created the power had the right to impose upon them such terms and ceremonies in regard to the disposition of the property, not inconsistent with legal principles, as he thought proper. He thought proper in this instance to confer authority upon the trustee to sell and convey the property upon the written request of Mrs. Norvell attested by a credible witness. The husband is not mentioned in this power nor does it require the request to be acknowledged in any form by Mrs. Norvell. All that is required is that the wife shall make the request in writing and that said writing shall be witnessed by a credible person. When this form is complied with the power and authority of the trustee to convey is absolute. The exercise of this power by the trustee operated as a grant from Whitaker and Quarrier, the original grantors, and not as a grant from the wife; and, therefore, no privy examination, joinder of the husband or other formality, not mentioned in the deed creating the power, was necessary. *Lee* v. *Bank of U. S.*, 9 Leigh 200.

The said trustee having thus the power to dispose of the *corpus*, and having disposed of it in the precise mode prescribed by the deed creating the power, the said deed of January 13, 1871, to Chas. Hedrick trustee operated as a valid conveyance of the fee for the purposes therein mentioned. *Woodson* v. *Perkins*, 5 Gratt. 345.

It is further claimed by the appellant that it was error to decree a sale of the said real estate without first ascertaining by proper reference whether the rents and profits would not in a reasonable time pay the said trust debt of E. Rooke & Co. The appellant never asked for any reference or made any objections to the sale on this ground in the court below; and, therefore, without considering whether such objection, if properly made, could avail in a case where it is sought to enforce the lien of a trust deed, this objection must be overruled. This Court has repeatedly decided that no such objection can be made for the first time in this Court. *Hill* v. *Morehead*, 20 W. Va. 429; *Rose* v. *Brown*, 11 *Id.* 123.

This disposes of all the grounds of error assigned by the

appellant; but it is insisted by the appellees, E. Rooke & Co., that the circuit court erred in not allowing them the twelve per cent. interest so far as it had been actually paid.

It is shown by the record that seven hundred and twenty dollars was paid on the said trust debt of one thousand five hundred dollars, which by agreement at the times of payment was applied in discharge of interest thereon for four years at the rate of twelve per cent. per annum; that five hundred and forty dollars of said seven hundred and twenty dollars was paid January 13, 1874, and one hundred and eighty dollars the residue on January 26, 1875. If we treat this as a bill filed under our statute the lenders, E. Rooke & Co., can recover their "principal money with six per cent. interest only." Sec. 7, ch. 96 Code p. 533. If, however, the excessive interest shall be regarded as having been paid and the borrower is now seeking to recover it back—the statute not applying to such case—the result would still be the same; because under the general rules of law a party who has paid usurious interest may recover it back from the lender in an action of *assumpsit* for money had and received. *Browning* v. *Morris,* 2 Cowp. 790. And, in a court of equity, where an excessive interest has been paid, but the debt or some part of it yet remains upaid, such court, in stating the account between the parties, will allow credit upon the principal for whatever usurious interest had been paid. Tyler on Usury 448; *Parmelee* v. *Lawrence,* 44 Ill. 405; *Spengler* v. *Snapp,* 5 Leigh 478; *Davis* v. *Demming,* 12 W. Va. 246,278. The circuit court did not, therefore, err in crediting on the debt of E. Rooke & Co. the usurious interest paid by the appellant as interest on said debt.

For the reasons aforesaid, I am of opinion that the said decree of the circuit court of June 5, 1880, must be affirmed with costs to the appellees, E. Rooke & Co., against the appeltlan and damages according to law. And this cause is remanded to said circuit court for further proceedings, to be had therein according to the principles, rules and practice of courts of equity.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.    CAUSE REMANDED.