Richmond.

EDMUNDS' EX'OR. v. BRUCE.

April 7th, 1892.

1. USURY — *Trust-deed — Injunction — Relief.*—A trust-deed was executed to secure a debt usurious under Code 1873, chap. 137, which, by section 9 thereof, exempts borrower from paying any interest, and directs all payments to be deducted from the principal. Injunction was awarded to prevent sale under the deed.

HELD:

By Code 1887, § 4204, the mode of procedure is changed to conform to section 2822, which dispenses with a jury to try the issue of "usury or no usury," but the measure of relief remains the same.

2. IDEM—*Case at bar.*—In such case the circuit court properly conformed the proceedings to the Code of 1887, but relieved the borrower of only the usurious excess;

HELD:

He was entitled to relief from all interest.

Appeal from decree of circuit court of Charlotte county, rendered September 29th, 1890, in a cause wherein the appellants, Thomas Edmunds' executors, were complainants, and William B. Bruce and John B. McPhail, trustee, were defendants. Opinion states the case.

*John W. Riely,* for appellants.

*Wood Bouldin,* for appellees.

LACY, J., delivered the opinion of the court.

The bill in this case was filed by the executors of Thomas Edmunds, deceased, to enjoin the trustee, John B. McPhail, Jr., from selling a tract of land belonging to the said Thomas Edmunds' estate, which was conveyed in trust to secure the payment of the debt due William B. Bruce, which was alleged to be usurious, seeking no discovery and waiving an answer under oath. The case is substantially that the said Thomas Edmunds was indebted to one J. J. Overby for a store account in the year 1878, and was required to pay it. Edmunds requested Overby to borrow $2,000 for him, by which he could pay all of his debts. Overby undertook the matter for him, and borrowed the money for him of the appellants at eight per cent. interest. The device resorted to to cover up the usury was that Edmunds should execute his bond to Overby for $2,000, payable one year after date, at six per cent. interest, secured by trust-deed on his land; and Overby was to sell the bond to Bruce for $2,100, and assign it without recourse, the object being to get eight per cent. interest on the $2,100, the actual sum loaned; and subsequently Bruce promised Edmunds in writing not to collect more than $2,100 as the principal. Another sum of $1,000 was shortly afterwards borrowed under exactly the same circumstances. Money was several times paid by Edmunds on this debt in his life-time, and by the plaintiffs and his executors before they knew of the usury. In 1887 the plaintiffs, discovering the usurious character of the transaction, refused to pay more on the debt, and the trustee was directed to sell, and suit was brought. At the March term, 1888, a decree was rendered for an issue to be tried by a jury, as to the usury, as directed by section 12 of chapter 137 of the Code of 1873, then in force. But the new Code going into effect May, 1888, and the twelfth section of chapter 137 being thereby repealed so far as the requisition for a jury in such case is concerned, on the motion of Bruce subsequently the court set aside this order for an issue to be tried by a jury, and referred the matter to one of the commissioners to take an

account of the said debts, and to make two statements thereof—
one to be of the face of the bonds at six per cent., and the pay-
ments applied, as made, from time to time; and the other to
be of the sums actually lent by Bruce to Edmunds, and for
which the said bonds were taken, calculating interest thereon
at six per cent., and applying the payments thereto as they were
made. The commissioner made these calculations, and applied
the payments to the interest, and reported the two results.
The plaintiffs excepted to the reports, and the application of
the payments to the interest, when the usurious character of
the transaction was clearly established. The court rejected
the report and statement of the imaginary and fictitious debt
altogether, but adopted the other, by which the real money
lent, with six per cent. interest thereon, the legal rate, was
stated. From this decree we have this appeal.

The appellants insist here that, under Code Va., § 2818, the
usury having been found by the court, the court should have
charged Edmunds only with the money actually lent, disallowed
all interest thereon, and credited all payments on the principal
directly, there being no interest due or collectible under the
statute by reason of the usury; that the statute expressly
declares all contracts for the loan of money at a greater rate
of interest than six per centum per annum shall be deemed to
be for an illegal consideration as to the excess beyond the prin-
cipal sum loaned. The twelfth section of chapter 137 of the
Code of 1873, provided for a case where the borrower came
into court to enjoin a sale to pay a usurious debt, and asked no
discovery, and provided that a jury should be impaneled to try
the question of usury, and, if the contract was found to be
usurious, then the same relief should be given as if the creditor
should come into court to enforce the usurious contract; the
intention being to enable a debtor who desired to defend a
usurious contract to have an opportunity of doing so, with the
same advantages as if sued at law, where, upon his plea, he
could establish the usury, on the ground that he had no oppor-

tunity at law to plead the usury, and that the sale under the deed of trust ought to be .enjoined until he could have the question tried by some proper proceeding instituted by the *cestui que trust* to establish the validity of the contract, and to relieve him from the terms imposed by the proceeding under a bill seeking a discovery from the creditor, according to the views of this court in *Marks* v. *Morris*, 2 Munf. 407. And this bill was filed under that section. The section being repealed *pendente lite*, the court conformed the proceedings to the new law; but, in granting relief, relieved only of the usurious excess. Upon an inspection of our usury laws, there appears to be no support for this decision. The twelfth section of chapter 137 of the Code being in force at the time this suit was brought, it continued in force, as to the relief afforded by it, after the new Code was in force, for the purposes of this suit, except that under section 4204 of the new Code the future proceedings should conform as nearly as practicable to the new Code. And the cases of *Turner* v. *Turner*, 80 Va. 379, and *Meem* v. *Dulaney*, *ante*, p. 674, apply to and govern this case as to the question of relief.

But there is no view of the case, I think, which can bring the decision of the court below under our laws on the subject of usury. If the twelfth section is repealed, and nothing enacted to supply its place, and section 2822 should illogically be held to apply as if the bill had prayed a discovery of the defendant, the creditor, still no such provision is there provided. And the effect of the decision is to hold that, in a case where the debtor has no opportunity to plead the usury which has been practiced on him, he must pay what the law provides shall be deemed for an " illegal consideration " before he can have the benefit of the usury laws. I do not know why the twelfth section was omitted from our laws, as there seems to be no provision in the law to take its place; but as under our changed usury laws there is no longer a forfeiture of the whole debt, principal and interest, but only of all the interest in such

cases, and as under section 2822, which applies to bills of dis-
covery, the relief is the same, it may have been considered
simply unnecessary; and, in a case brought since the adoption
of the new Code, it may be that this court will so hold, or that
it may follow the reasoning which was so potential in *Marks*
v. *Morris, supra,* as not only to control the decision of that case,
but to cause the legislature to enact the same into law subse-
quently. But in this case the plaintiff is entitled to the benefit
of the remedy provided in sec. 12, chap. 137, Code 1873, under
which his suit was brought, and should be relieved of all
interest; the usury being clearly established, and no interest
being therefore due, or constituting against him any legal obli-
gation. What has been paid should be applied to such debt
as was for a legal consideration, which is the principal one;
and the decree of the court below must be reversed and
annulled, and the cause remanded to the circuit court of Char-
lotte county to grant the relief, such as we have indicated,
disregard all interest as for an illegal consideration, and credit
all payments that have been made upon the principal sum
loaned.

RICHARDSON, J., *dissented.*

DECREE REVERSED.