# CHARLESTON.

### LORENTZ *v*. PINNELL.

Submitted September 7, 1903. Decided February 23, 1904.

1. CONTRACT—*Usury*.

   All contracts and assurances made directly or indirectly for the loan or forbearance of money or other thing at a greater rate of interest than six per cent, except where such greater rate is allowed by law, are void as to any excess of interest agreed to be paid above that rate. (p. 117).

2. USURY.

   When usurious payments of interest are made upon a debt the excess of interest so paid above the legal rate shall be applied as partial payments on the principal at the date of such payments, respectively. (p. 117).

3. USURY.

   After usurious interest has been paid the same may be recovered back either by action at law for money had and received, or by suit in equity. (p. 118).

4. USURY.

   In such action or suit the measure of recovery is the residue after crediting all payments of usury as partial payments upon the principal. (p. 119).

Appeal from Circuit Court, Upshur County.

Bill by L. L. Lorentz against Celia A. Pinnell. Decree for plaintiff, and defendant appeals.

*Affirmed.*

A. M. POUNDSTONE and A. EDMISTON, for appellant.

YOUNG & McWHORTER, for appellee.

McWHORTER, JUDGE:

On the 20th day of December, 1884, Perry S. Lorentz executed his note under seal to A. M. Lorentz for $743.00, payable on or before the first day of February, 1885. On the first day of February, 1885, the payee in said note assigned the same for value to P. F. Pinnell. Endorsements of annual payments of interest were made upon said note without giving the amounts of the payments, showing that interest was paid thereon to February first, of each year from 1886 to 1894, both inclusive; and on the 9th day of March, 1895, the said Lorentz made his note payable one day after date, with interest from February 1, 1894, to Celia A. Pinnell, executrix of Phillip F. Pinnell, for the same amount, $743.00, specifying further, "This note is given in lieu of a bond made by me to A. M. Lorentz, dated the 20th day of December, 1884, calling for the payment of seven hundred and forty-three dollars on or before the 1st day of February, 1885, for value received in land, which bond was on the 1st day of February, 1885, for value received, assigned and transferred by the said A. M. Lorentz to said Phillip F. Pinnell, the interest on which bond has been paid up to the 1st day of February, 1894." Endorsements were made on the last named note without specifying the amount paid, showing payments of interest thereon from February 1, 1894, to the first of February of each year up to February 1, 1900, all paid by said Perry S. Lorentz. And on the 30th day of January, 1901, Lafayette L. Lorentz paid the sum of $799.47 to the agent and attorney for said Celia A. Pinnell, executrix, "It being the face of this note

and $56.47 interest thereon from the first day of February, 1900, to the 12th day of January, 1901, the day to which interest was calculated."

Lafayette L. Lorentz, administrator of Perry S. Lorentz, deceased, filed his bill in the circuit court of Upshur County in the fall of 1901, to recover back the usurious interest paid upon said notes, alleging that excessive and usurious interest had been charged and collected for each of the said years from 1885 until the final payment on January 30, 1901; that usurious interest was charged in said payments at the rate of eight per cent. or ten per cent. and praying that the said Celia A. Pinnell, executrix, be required to answer the bill disclosing under oath the rate of interest and amount of usury paid to the said P. F. Pinnell in his lifetime and said executrix after the death of said Pinnell upon said two notes at each payment of interest as endorsed thereon and as set forth in the bill, and that plaintiff have a decree against the defendant for the amount of the usurious interest so paid upon said notes, and the renewal thereof from the date of the first payment of interest together with legal interest upon the respective payments of usurious interest from the time they were so made, and for general relief; which bill was verified.

The defendant filed her demurrer to the bill on the ground that a court of equity has no jurisdiction to hear and determine the matters alleged in the bill because if he had any demand he had an adequate remedy at law to recover any usurious interest paid within five years prior to action brought therefor, and filed her answer admitting that the several payments of interest on said note were at the rate of eight per cent. per annum, making the sum of $14.86 above the legal interest of six per cent. for each payment and denied the right of plaintiff in any event to recover back any of such usurious interest paid to her by P. S. Lorentz prior to the first day of October, 1896, the same having been paid more than five years prior to the institution of this suit and was barred by the statute of limitations, which defendant relied upon as if more formally pleaded; and denied that P. S. Lorentz was compelled to pay such usurious interest and alleged that it was paid freely and without any protest or objection. To which answer plaintiff replied generally.

The court overruled the demurrer and referred the cause to a commissioner of the court with directions to ascertain and report the amount due plaintiff from the defendant as usury paid upon the debt described in the bill, and held that no part of the usurious interest admitted by the answer was barred by the statute of limitations, and directed the cimmissioner in making said settlement and ascertaining the amount due the plaintiff to treat the usurious interest paid from year to year as partial payments upon the debt described in the bill and answer, allowing interest at the rate of six per cent. upon the amount found to have been overpaid by the plaintiff, from the time of such payment. The commissioner made his report ascertaining the amount due the plaintiff to be $395.06 with interest thereon from the 13th day of October, 1902, as corrected by the court on exception to the report made by the defendant, the commissioner having erroneously based his calculations on the payments for the several years as having been made on the first day of February, when in fact they were made on other dates in the succeeding fall of the year. Defendant made other exceptions to the report raising the question of the statute of limitations as raised by the pleadings, which exceptions were overruled and the court entered decree for the said sum and the costs of suit and awarded execution to be levied upon the assets of the estate of P. F. Pinnell, in the hands of said executrix.

The questions here for consideration are as to the right of the plaintiff as the personal representative of P. S. Lorentz to bring this suit in equity, and whether the court erred in applying the several payments of usurious interest to the principal from the date of said several payments dating back to the first payments of interest made on the original note.

It seems to be well settled that a debtor paying usurious interest has a right to recover it back in equity as well as in law, after the same has been paid. See 2 Pom. Eq. Jur.; *Clarkson v. Garland,* 1 Leigh. 147; *Baugher* v. *Nelson,* 9 Gill. 99; 52 Am. Dec. 694; also *Davis* v. *Demming,* 12 W. Va. 246. Hogg's Eq. Prin., s 426, referring to section 7, chapter 9, Code, says: "Aside from this statute a bill in equity may be filed for relief on account of money already paid on a usurious contract under the general principles of a court of equity, the measure of relief in such case being the excess paid above the principal and legal

interest, with interest on such excess from the time of its payment." And cites *Davis* v. *Demming, supra; Moseley* v. *Brown,* 76 Va. 419; *Munford* v. *McVey,* 92 Va. 446; 23 S. E. Rep. 857, and *Norvell* v. *Hedrick,* 21 W. Va. 529. In *Spengler* v. *Snapp,* 5 Leigh, 478, it is held: "Where the debtor seeks in equity an account of and decree for money already paid on usurious contract the measure of relief is the excess paid above the principal and legal interest; and if his payments exceed principal and legal interest, the surplus with interest shall be decreed to him."

It is insisted by counsel for appellant that if a court of equity have concurrent jurisdiction with a court of law for the recovery back of usury which has been paid that the court of equity is equally bound by the statute of limitations, and cite Wood on Lim., s. 58, and Webb on Usury, p. 532. True, a court of equity is bound by the statute of limitations, but when the law applies usurious payments of interest as partial payments on the principal no cause of action accrues for the recovery of usurious interest paid until the payments together exceed the principal and legal interest. *Campbell* v. *Sloan,* 62 Pa. St. 481, was a case where Campbell had borrowed money from Sloan on usurious interest and gave a note with surety, he paid the usurious interest for some years when the original note was taken up and another given for the same amount with a new surety, and it was held that the original taint of usury attached to all consecutive securities growing out of the original transaction and none of them, however remote, could be free from it if the descent could be traced, and it was there held that "When the new security was taken all that could have been recovered on the old was the sum actually loaned and lawful interest less the usurious payments which had been made. These payments, as payments of interest were avoided by the statute and became payments on account of the principal." Under our statute, section 5, chapter 96, Code, usurious contracts are absolutely void as to any excess of interest agreed to be paid above the rate of six per cent. per annum. Hence any payment made and accepted in excess of the legal interest due, under our rule applying partial payments must apply to the principal debt as of the time the payment is made. For the rule governing partial payments see *Hurst* v. *Hite,* 20 W. Va. 183, (syl. pt. 1); *Ward* v. *Ward,*

21 W. Va. 262, (syl. pt. 3). The only contract existing between the parties is the note with legal interest thereon, and after satisfying the interest which has accrued upon the note to the time of payment, there is nothing left to which any further payment can possibly apply except the principal of the debt which is past due, as said in *Turner* v. *Turner,* 80 Va. 379: "The creditor has no right to apply the money paid to him to the satisfaction of what does not nor never did constitute any legal or equitable demand against the party making the payment," citing Chitty on Cont. 1114 *Et. Seq.* In *Musselman* v. *McElhenny,* 23 Ind. 4; (85 Am. Dec. 445), it is held: "If usurious interest is taken out in advance, it makes a case of want of consideration in a note covering the amount, to the extent of such interest" and "When usurious interest is paid on a note after its execution it amounts to a payment of so much principal and if the amount thus paid exceeds the principal it may be recovered back." Webb on Usury, s. 461; 2 Tuck. Com., p. 130. In *Zeigler* v. *Scott,* 10 Ga. 389, (54 Am. Dec. 395), it is held that where a borrower pays up amount of usurious debt to lender he can afterwards sue and recover back the usurious excess in an action for money had and received. And in *Farwell* v. *Myers,* 35 Ill. 40, where it is said that "Although usurious interest voluntarily paid since the passage of the act of 1857 cannot be recovered back, still so long as any part of the debt remains unpaid the debtor may insist upon a deduction of the usury therefrom. The usury received is considered as having been extorted by means of the debt and is to be applied in payment of the same." In *Threadgill* v. *Timberlake,* 2 Head. (Tenn.) 395, the court laid down as a rule of equity to apply all usurious payments to the principal until it is paid when the remainder can be recovered as so much money had and received.

Counsel for appellant rely upon the more recent Virginia cases, *Munford* v. *McVeigh,* 23 S. E. 857, and *Crabtree* v. *Building Association,* 95 Va. 676, where it is held in the former case that "Where usurious interest has been voluntarily paid as interest, on a debt secured by deed of trust, equity in a suit to enjoin sale under the debt will not, after the year within which usurious interest may be recovered by law, apply any payments of usurious interest in reduction of the principal." And in the latter case it is held "Where payments have been made upon a

usurious contract and the borrower himself applies the payment to the interest or the lender so applies it with the assent of the borrower the appropriation so made will not be disturbed unless within one year thereafter a suit be instituted by the borrower for its recovery or a suit be brought by the lender within that period, in which case the borrower may set it off against the demand for which he is sued." These decisions are based upon the statute of Virginia which is essentially different from ours. The Virginia statute making all contracts and assurances made directly or indirectly for the loan or forbearance of money or other thing at a greater rate of interest than the legal rate to be deemed for an illegal consideration as to the excess; while our statute makes such contracts or assurances absolutely void as to such excess. Section 2823, Va. Code, provides how the excess of illegal interest may be recovered back by the person paying the same by suit brought for that purpose within one year from its payment; and such suit may be brought even though the borrower has voluntarily paid the same or so especially applied it. They also cite *Lynch* v. *Bank,* 22 W. Va. 554. This was an action by *Lynch* v. *The National Bank* to recover the penalty for usurious interest alleged to have been paid by him and received by the bank. It is there held, (syl. pts. 2 & 3),—"When a statute creates a new offense and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes." 3.—"An action for the recovery of the penalty prescribed by said section 5198, must be commenced within two years from the time the usurious transaction occurred. Each payment of such interest is a transaction within the meaning of said section, and the prescribed limitation commences to run from that time, although the debt on which such interest was paid remains unpaid."

I am unable to see where these authorities can help the case of the appellant. In *Lynch* v. *Bank* it is distinctly held that each payment of such interest is an independent transaction within the meaning of the section 5198, Rev. Stat. U. S., and the statute of limitations begins to run from the date of each transaction. And the same is in no wise affected by our statute. Counsel for appellant contend that each payment of usurious interest of $14.86 paid by P. S. Lorentz was a separate transaction and the statute began to run from the date of each of

such payments; but as we have seen, such surplus of interest paid, under our statute and the rulings of this Court, must be applied to the principal of the debt as of the date of the respective payments. As was said by JUDGE BRANNON with reference to payments of usurious interest in *Reger* v. *O'Neal,* 33 W. Va. at page 166: "I think with O'Neal's counsel that the payments should be applied when paid and operate to stop interest on the principal from that date." Applying these principles to the payments made by appellee and his decedent there is but one way to arrive at the amount to be recovered and that is by the usual method of applying partial payments under our law as laid down by this Court and which seems to have been so done by the circuit court whose decree must be affirmed.

*Affirmed.*

BRANNON, JUDGE:

The Court being divided in *Moore* v. *Johnson,* 34 W. Va. 672, I simply asserted that one voluntarily paying usury could recover it back, without giving authority. Examination now, I regret to say, brings me to the same conclusion. *Norvell* v. *Hedrick,* 21 W. Va. 523; *Davis* v. *Demming,* 12 *Id.* 246; *Zeigler* v. *Scott,* 54 Am. D. 395, note 400; *Spangler* v. *Snapp,* 5 Leigh. 478; *Munford* v. *McVeigh,* 92 Va. 446; *Bexar* v. *Robinson,* 22 Am. St. R. 36 and note; *Wheaton* v. *Hibbard,* 11 Am. D. 284. It is unjust that a voluntary payment should be recovered back. A statute should deny recovery; or section 8, chapter 141, Code 1860, denying recovery after a year, should be re-enacted.

Our Code declares a contract void beyond legal interest, and a payment of such interest is without consideration and against law; the contract being void, not merely voidable, there is nothing to warrant the payment. Webb on Usury, s. 461. Section 8, Code 1860, gave action to recover within one year usury paid. It was left out of the Code of 1868, and probably the Legislature thought that its repeal would deny any recovery; but if so, it forgot that in so far as that section gave action to recover, it was only declaratory of common law, and on its repeal the common law remained, and it gave right of recovery. Common law allowed any rate of interest. It would not originate action for usury; but the statute making the con-

tract void and illegal, the common law steps in afterwards and gives recovery, because the money is paid under a void contract. It occurred to me that as section 8, Code 1860, did not change, but only re-affirmed the common law giving action, from its repeal we might infer that the Legislature intended to repeal the common law; but I fear we cannot thus hold a repeal of the common law by implication. The Legislature has not denied such a recovery. *Booth* v. *Com.,* 16 Grat., by Judge Moncure, p. 529; *Mosely* v. *Brown,* 76 Va. 419; *State* v. *Mines,* 38 W. Va. 125. We can as well say that the thought was that the common law is sufficient without the statute, as that it was the intent that the common law rule should not continue. It is only inference in either case.