# CHARLESTON.

E. CLARK ICE v. A. D. BARLOW. E. CLARK ICE, ETC., PARTNERS AS ELK GROVE REALTY CO. v. A. D. BARLOW.

Submitted January 27, 1920. Decided February 3, 1920.

USURY—*Equity Has Jurisdiction of Suit to Recover Usurious Interest Without Prayer for Discovery.*

Independent of section 7, ch. 96 Code, 1918, and concurrently with courts of law, equity has jurisdiction of a suit to recover back usurious interest paid, and in such case a prayer for discovery is not essential to the jurisdiction.

Certified Questions from Circuit Court, Randolph County.

Suit by E. Clark Ice against A. D. Barlow, and suit·by E. Clarke Ice and others, partners as the Elk Grove Realty Company, against A. D. Barlow. Demurrers were overruled, and the questions arising thereon certified to this court.

*Affirmed.*

*Samuel T. Spears,* for plaintiffs.
*W. B. & E. L. Maxwell,* for defendant.

WILLIAMS, PRESIDENT:

Plaintiffs in the above styled cases filed their respective bills in equity to recover back usurious interest alleged to have been paid. The bills set out a number of the transactions alleged to be usurious, and state the amount of usury involved in each transaction, aggregating in the first case $4,978.08, and in the second, $1,619.63. Neither of said bills prays for a discovery, but both do pray for an accounting. A demurrer to each of them was overruled, and the questions arising thereon are certified to this court for decision. The demurrer challenges the jurisdiction of the court to entertain the bill. Plaintiffs' counsel relies upon section 7 ch. 96 Code 1918 and *Lorentz* v. *Pinnell,* 55 W. Va., 114. Defendants' counsel question the correctness of that decision and contend that, unless some distinct ground of equitable jurisdiction is alleged, equity will not entertain a suit to recover money voluntarily paid; that a court of law furnishes a remedy which is adequate and complete, and in such case equity is without jurisdiction. Section 7, ch. 96, was copied from section 7, ch. 141, Code of Va. 1860. It was enacted by the Legislature of Virginia in very early times (Rev. Code, Vol. I, ch. 102, sec. 3) and continued to be the law of that state, with very slight modification, until after the formation of this state, and our legislature adopted it with the following modification, that whereas the statute allowed the lender to "recover only his principal money or other thing, without interest, and pay the costs of suit", it was changed so as to permit the lender to recover his "principal money or other thing with six per cent. interest only, but shall recover no costs." The further provision was also added that, "If property has been conveyed to secure the payment of the debt, and a sale thereof is about to be made, or is apprehended, an injunction may be awarded to prevent such sale, pending the suit." Section 1, ch. 102, Vol. 1, Revised Code of Virginia 1819, voided the entire contract, and section 2 of that chapter subjected the lender to a penalty or forfeiture double the value of the money so lent, exchanged or shifted, one moiety of which was to go to the commonwealth

and the other to the informer. The law of this state at no time has subjected the lender to any penalty whatever, and renders the contract void only as to the usury.

Originally the statute was evidently designed to enable the borrower to compel the lender to discover the usurious transaction, without subjecting him to a penalty, hence the statute required the borrower to do equity by returning the money borrowed, in obedience to the maxim, that he who seeks equity must do equity. Other well settled principles of equity are that it will not enforce penalties and forfeitures, nor will it compel a defendant to disclose matters that will expose him to penalties and forefeitures or to a criminal prosecution. *Northwestern Bank* v. *Nelson,* 1 Gratt. 108; *Young v. Scott,* 4 Rand. 416; *Poindexter* v. *Davis,* 6 Gratt. 481; *Thompson et al.* v. *Whitaker Iron Co.,* 41 W. Va. 574. In view of the penalty imposed by the Virginia statute for exacting usurious interest, the debtor could get no relief where a discovery was essential thereto, and hence the necessity for the statute to compel a discovery of the usury, but as a condition to granting the relief the borrower was required to .waive the penalties when they were within his control, and restore to the lender his principal. The present bills being not for discovery but to recover back usury paid, and praying for an accounting, it is unnecessary for us to decide to what extent section 7, ch. 96, Code of W. Va. applies, or whether it applies at all, to these proceedings, as the jurisdiction to entertain such suits exists, independent of that statute. The exaction of usury, while strictly speaking is not a fraud, is nevertheless regarded by courts of equity as being in the nature of a fraud, the contracting parties standing on unequal footing with the advantage in favor of the lender, and for that reason they take jurisdiction in order to compel a restoration by the lender of the usury which he has wrongfully and unjustly exacted from the borrower, such transactions standing on a different footing from gaming transactions, wherein both parties are regarded as in pari delicto. Story Eq. Juris. (14th Ed.) section 425; 2 Pomeroy's Eq. Juris. (4th Ed.) section 937 and cases cited in note; 2 Robinson's Prac. (Old Ed.) p. 221; Hogg's Eq. Prin., p. 596; *Bosanquett* v. *Dashwood,* Cases Temp. Talbott 40, 25 Eng. Reprint 649; 22 Enc. Pl. & Pr.,

p. 466; *Lorentz* v. *Pinnell*, 55 W. Va., 114; and *Davis, Committee* v. *Demming*, 12 W. Va. 246, point three of the syllabus, which is as follows: "A bill in equity for relief on account of money already paid on usurious contract, is not a bill under said 7th section, but such a bill as a party has a right to file, independent of the statute; and the relief therefor, to be afforded in such a case, is the relief which is afforded on the general principles of a court of equity; and the measure of this relief, in such case, is the excess paid above the principal and legal interest, with interest on such excess from the time of its payment." In a very able and elaborate opinion prepared by Judge GREEN in that case, from which there was no dissent, he reviews the early Virginia decisions relating to the proper construction and application of section 7, ch. 141, Code of Va.; section 7, ch. 96, Code of W. Va., and reaches the conclusion stated in the point of the syllabus above quoted, which is unquestionably the law of this state, and determines the questions certified according to the ruling thereon by the circuit court.

The fact that plaintiffs also have an adequate remedy at law does not, in this instance, deny their right to relief in equity, the remedies being concurrent they can choose their forum.

We therefore affirm the ruling of the court below and order the cases certified back to it.

*Affirmed.*