# WHEELING.

LYNCH *v.* MERCHANTS NATIONAL BANK OF WEST VIRGINIA, AT CLARKSBURG.

Submitted June 12, 1883—Decided November 17, 1883.

1. A State court has jurisdiction in an action brought by a borrower against a National bank to recover the penalty, prescribed by the National Currency Act—Sec. 5198 Rev. Stat. U. S.—for exacting and receiving usurious interest on loans made by such bank. (p. 556.)

2. When a statute creates a new offence and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes. (p. 557.)

3. An action for the recovery of the penalty prescribed by said sec. 5198, must be commenced within two years from the time the usurious transaction occurred. Each payment of such interest is a transaction, within the meaning of said section, and the prescribed limitation commences to run from that time, although the debt on which such interest was paid remains unpaid. (p. 559.)

The facts of the case are fully stated in the opinion of the Court.

*P. H. Keck* for plaintiff in error.

*Harrison* for defendant in error.

SNYDER, JUDGE:

This is an action of *assumpsit* brought by James Lynch, on April 28, 1881, in the circuit court of Harrison county against the Merchants National Bank of W. Va. at Clarksburg to recover fifteen thousand dollars, the penalty for usurious interest alleged to have been paid by the plaintiff to, and received by, the defendant between January 1, 1865, and January 1, 1881, on certain loans effected by the plaintiff from the defendant and by renewals from time to time continued during the said period. The defendant demurred to the plaintiff's declaration and the court overruled said demurrer. Issue was joined on the plea of *non-assumpsit*, and

also on the plea of the statute of limitations which averred that the plaintiff's action did not accrue within two years. At the May term 1882, a trial was had by jury, a verdict of four hundred and eighty-seven dollars and seventy-two cents rendered for the plaintiff and judgment given thereon by the court. During the trial the plaintiff saved three several bills of exceptions and upon petition he obtained a writ of error to this Court.

This action is founded on section 30 of the Act of Congress, passed June 3, 1864, known as the National Currency Act, and which, as now incorporated in the Rev. Stat. of U. S., sections 5197 and 5198, is as follows:

"Section 5197—Any association may take, receive, reserve and charge on any loan or discount made, or upon any note, bill of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, territory or district where the bank is located, and no more. * * * *. When no rate is fixed by the laws of the State, or territory, or district, the bank may take, receive, reserve, or charge a rate not exceeding seven per centum, and such interest may be taken in advance, reckoning the days for which the note, bill or other evidence of debt has to run. And the purchase, discount, or sale of a *bona fide* bill of exchange, payable at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange for sight-drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest.

"Section 5198—The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, *in an action in the nature of an action of debt,* twice the amount of the interest thus paid from the association taking or receiving the same; *provided such action is commenced within two years from the time the usurious transaction occurred.*"

The defendant in error contends in this Court that the cir-

cuit court erred in overruling its demurrer to the plaintiff's declaration. This position is sought to be maintained on two grounds, *first*, that said court had no jurisdiction in this action, and *second*, that *assumpsit* is not the action authorized by the statute.

While the decisions of the different State courts upon the question, whether or not such courts have jurisdiction of actions against national banks for penalties and forfeitures, prescribed by the act of Congress, for exacting and receiving usurious interest, are not entirely uniform, I am of opinion that the decided weight of the more recent decisions are in favor of sustaining such jurisdiction; especially where the actions are by private persons for the recovery of the penalty of twice the amount of interest prescribed by the statute above quoted—*Hade* v. *McVay*, 31 Ohio St. 231; *Pickett* v. *Merchants Nat. Bank*, 32 Ark. 346; *Bletz* v. *Columbia Nat. Bank*, 87 Pa. St. 87; *Dow* v. *Irasburg Nat. Bank*, 50 Vt. 112; *Ordway* v. *Central Nat. Bank*, Tho. Nat. Bk. Cas. 559.

This question is most important to the people, who are citizens alike under both the State and national governments; for if they are driven into the federal courts for redress the inconvenience and expense in many instances will be greater than the relief sought. National banks are intended to do the business of the country in the midst of the people just as others lending money and discounting paper do, whose places they have filled nearly everywhere. They can sue and be sued in the State courts on all business done by them, secure themselves, and purchase property held by them as security when sold under State laws, and otherwise enjoy the advantages of those laws as fully as any citizen of the State. Therefore, if the question were at all doubtful, both justice and reason would require our decision to be favorable to our own jurisdiction. But I do not think the question doubtful and consequently feel no hesitation in sustaining the jurisdiction.

Nor do I think there can be any serious question as to the propriety of the form of action in this case. Our statute has to a great extent made the action of *assumpsit* concurrent with the action of debt. § 10 ch. 99 Code, p. 537. *Assumpsit* is an equitable action and may be substituted for several

other forms of action.   The act of Congress authorizes any "action in the nature of an action of debt."   *Assumpsit* has more of the characteristics of an action of debt than any other form of action in our practice.   I think, therefore, as the act does not confine the action to debt, that *assumpsit*, which is more of the nature of the action of debt than any other form of action in our practice, will lie for the penalty provided by the said act.   The form of action being declared by the act it is unnecessary to enquire whether or not *assumpsit* would lie at common law for the recovery of a penalty.   Where a statute creates a new offence and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes.   *Stafford* v. *Ingersoll,* 3 Hill 38; *Farmers Bank* v. *Dearing,* 91 U. S. 29; *Dow* v. *Irasburg Nat. Bank, supra.*

The questions raised by the bills of exceptions of the plaintiff in error and relied on in this Court involve the true interpretation of the *proviso* in the aforesaid act of Congress —Sec. 5198 Rev. Stat. U. S.—as regards the statute of limitations.   The said bills of exceptions, after a proper statement of what the evidence tended to prove, show, that the plaintiff requested two instructions and the defendant one, that the court refused to give either of the instructions of the plaintiff, and gave that of the defendant to the jury, and that the plaintiff duly excepted to these rulings of the court.   As both the plaintiff's instructions raise the same point it is only necessary to give one of them.   The said instruction of the plaintiff and that of the defendant are respectively as follows:

### PLAINTIFF'S INSTRUCTION.

"The court is asked to instruct the jury that if they believe from the evidence that the defendant knowingly reserved and charged the plaintiff interest at the rate of eight per centum per annum on and for said discounts and loans, and that the plaintiff in fact paid the same to the said bank at and about the time or times of said several loans or discounts or renewals, and that the last one of said renewal notes of each of said series, so far as paid off or discharged, were not so paid off or judgments rendered on the

same for as much as two years next before the institution of this suit, that then each of said three several series of renewals from the time the first of each of said series of notes were so discounted down to the time or times when the last note of each of said series were so paid off, or until the bringing of this suit, constitutes in law and according to the act of Congress in that case made and provided but one continuous transaction, and that the jury should find for the plaintiff twice the whole amount of such interest so paid by the said plaintiff to said bank from the beginning to the end of each of said three several transactions."

### DEFENDANT'S INSTRUCTION.

"If the jury believe from the evidence that a greater rate of interest than the rate of six per centum per annum was paid by the plaintiff to the defendant on the several loans described in the declaration, and that such greater rate of interest was knowingly received by the defendant upon such loans and discounts, the plaintiff in this action is entitled to recover twice the amount of such interest so paid by the plaintiff to the defendant within two years prior to the commencement of this suit. The jury cannot find for the plaintiff the amount of any interest, or twice the amount of any interest, which was not so paid within two years from the bringing of this suit upon the notes or renewals executed more than two years prior to the bringing of this suit."

It is apparent that these two instructions are the converse of each other and, consequently, both cannot be right. The plaintiff in error in support of the correctness of his instruction, which was refused by the court, relies on the following cases: *Nat. Bank* v. *Lewis*, Brown's Nat. B. Cases, 305; *Stephens* v. *Monongahela Nat. Bank, Id.* 398; *Howard Nat. Bank* v. *Loomis, Id.* 424; *In re Wild*, Thomp. N. B. Cas. 246; *Cake* v. *First Nat. Bank, Id.* 390; *Duncan* v. *First Nat. Bank, Id.* 360. He also cites a number of cases similar in character to establish the incorrectness of the defendant's instruction which the court gave to the jury. These cases fully establish the doctrine that where there has been a series of renewal notes given for the continuation of the same original loan, a taint of usury in the first transaction follows down through

the whole, and in an action by a national bank on the last of the series, the borrower is entitled to credit for *all* the interest he has paid from the beginning. Also, that the receipt of usurious interest on a note by a national bank works a forfeiture of the interest accruing after the maturity of the note as well as before maturity, and that such forfeiture and usury are not purged by settlements and renewal notes without additional usury. They also hold that the limitation of two years provided by the statute for the recovery of forfeitures for usury does not apply to *the defence of usury*. *Pickett v. Merchants Nat. Bank*, Brown's Nat. B. Cas. 209. But all the cases relied on by the plaintiff in error were actions or suits *by the bank* to recover the loan from the borrower and the questions were to what extent the defendant was entitled to recoup or to set off the usurious interest paid against the claim sued on. None of them were actions *by the borrower* against the bank to recover the penalty for taking illegal interest, and therefore they are not authority upon the question in the case at bar which is an action by the borrower against the bank to recover such penalty.

The real question in this action is, at what time did the "transaction occur," within the meaning and intent of said sec. 5198 of U. S.· Rev. Stat., from which the limitation therein prescribed commenced to run? I can find no decision directly on this question in any case similar to the one before us, but there are decisions in cases of a different character which virtually decide this case. In *Brown* v. *The Second Nat. Bank of Erie*, 72 Pa. St. 209, it was held that, "the limitation of two years within which an action for the penalty must be brought commences to run from the actual payment of the usury." Judge Sharswood in delivering the opinion of the court in that case, says: "It is actual payment on the foot of the usurious contract, *either in part or in whole*, which consummates the usury, and from which the "limitation of the action for the penalty commences to run."

In *Shinkle* v. *The First Nat. Bank of Ripley*, 22 Ohio St. 516, which was an action by the bank to recover on a renewal note given for a loan of money on which usurious interest had been paid on the original note more than two years before the action was commenced, the court, says, that the

debtor under the act of Congress—sec. 5198—"would have the right to recover back from the bank double the amount of the usurious interest so paid. But this right to recover double the amount of interest is limited by the act to two years *from the time the interest was paid,* and unless it is exercised within that period it is gone. In the present case the period of two years had elapsed long before the commencement of the action. The right to recover the interest being barred, the right to offset the amount against any claim of the bank is also barred."—Thomp. Nat. B. Cas. 827–8.

*Hintermister* v. *First Nat. Bank,* 64 N. Y. 212, was an action to recover the penalty for taking usurious interest prescribed by the said section 5198, and in that respect it is identical with the action at bar. In that case the court says: "The act of Congress under which this action is brought regulates the recovery by the amount illegally received and taken, and does not give a fixed sum as an arbitrary penalty, and the party entitled to maintain this action is entitled to recover within the terms of the act twice the amount which *he has paid for usury within two years prior to the commencement* of the action, whether the amount has been *paid in one or several payments.*"

In *Stephens* v. *Monongahela Nat. Bank,* 88 Pa. St. 157, S. C. 32 Am. Rep. 438, the court says: "The right of action accrues the very instant the usury is paid."

If these cases do not expressly decide that the right of action for the prescribed penalty accrues at the instant any excessive interest is paid, whether it be on the original discount or at any subsequent renewal, and that each payment is in itself a cause of action against which the limitation commences to run, they so clearly indicate that such is the proper construction of the statute as to leave no doubt on the question. I have been unable to find any authority or precedent to the contrary. And as the construction indicated, if not established, by these cases is in consonance with the letter and spirit of the statute as well as in accord with the evident reason and policy of Congress in enacting it, I feel no hesitation in adopting it. Each payment of illegal interest must be regarded as a "transaction," within the intent of the statute and when such payment is actually made or *occurs,*

the two years' limitation commences to run as to that payment from that time, and so on for each successive payment on renewals of the same loan; and if, when the action is commenced for the penalty, any one or more of such payments of illegal interest occurred more than two years prior thereto no recovery can be had for it, although the original loan be then unpaid.

From this conclusion it is apparent that the circuit court did not err in rejecting the instruction offered by the plaintiff, nor did it err in giving that part of the instruction offered by the defendant preceding the last sentence. But it did err in qualifying said instruction as it did by the last sentence therein. The effect of this qualification was to limit the recovery of the plaintiff to interest paid within two years on notes or renewals *executed more than two years prior to the bringing of the action.* Under this restriction if notes or renewals had been made *within two years* prior to the commencement of the action and illegal interest paid on them within that time there could have been no recovery. This is clearly not the law, and therefore said instruction was erroneous, and for that error the judgment of the said court must be reversed with costs to the plaintiff in error, the verdict of the jury set aside and a new trial awarded, the costs of the former trial to abide the result of the action.

THE OTHER JUDGES CONCURRED.

REVERSED. NEW TRIAL.