# CHARLESTOWN.

NATIONAL EXCHANGE BANK, &c. v. BOYLEN et als.

Submitted September 9, 1885.—Decided September 26, 1885.

1. Under the provisions of the act of Congress—U. S. Rev. Stat. secs. 5197, 5198—usurious interest, *actually paid* to a national bank on discounting and renewing a series of notes, can not in an action by the bank on the last of them be applied in satisfaction of the principal of the debt.    (p. 556.)

2. The said act having prescribed as the penalty for taking usurious interest, that the person paying the same may in an action re-

cover twice the amount so paid, he can resort to no other mode or form of procedure.  (p. 556.)

3, Congress having prescribed the penalty for the taking of usurious interest by a national bank and likewise the remedy for recovering such interest, the States and their courts are bound thereby and they can neither add to the penalty nor apply any remedy other than that so prescribed.  (p. 557.)

The facts of the case are stated in the opinion of the Court:

*I. A. Bradford* for plaintiff in error.

*John Brannon* for defendant in error.

Snyder, Judge:

Action of debt, brought July 3, 1879, in the circuit court of Barbour county by the National Exchage Bank of Weston against Daniel Boylen and others, upon a promissory note executed by the defendants to the plaintiff for $1,300.00, dated June 19, 1878, and payable four months after date.   The defendants pleaded *nil debent* and usury, and filed specifications of payments and set-offs.   The action was tried by the court which, on July 21, 1881, gave judgment for the plaintiff for $1,300.00, the principal of said note with interest thereon from that date until paid.   The defendants saved several bills of exceptions and to review the rulings of the court therein complained of they obtained this writ of error.

The facts certified show that, after the plaintiff read the note declared on, the defendants proved, that, when the note was discounted, the plaintiff charged thereon and was then paid interest thereon at the rate of ten *per cent. per annum* for the four months from its date to its maturity; that the original debt to plaintiff was $2,000.00, for which a note was made, and the plaintiff charged and the defendants paid interest thereon at the rate of ten *per cent. per annum* for the time the note had to run; that this note was renewed from time to time and at each renewal there was charged by and paid to the plaintiff interest at the same rate for the time the respective renewals had to run; that at one time there was paid $700.00 on the principal of the debt, and this reduced it to $1,300.00, the sum for which the note in suit was given; that no interest on said transactions is included in the note

sued on, and it is composed wholly of a part of the principal of said original debt. These were all the facts proved.

The defences set up by the pleas and specifications of payments and sets-off sufficiently appear from the foregoing facts and they need not be further stated. The whole object of the defence was to have usurious interest *paid* to the plaintiff, a national bank organized under the act of Congress of June 3, 1864, and doing business in this State, on discounting and renewing a series of notes of which the one in suit is the last, applied in satisfaction of the principal of the debt; that is, to have the said usurious interest paid to the plaintiff, applied in satisfaction of the note in suit. The claim is not for interest contracted to be paid and included in the note sued on, but for the application of what has been *actually paid as interest* to the discharge of the principal of the debt which still remains unpaid. The question thus presented is identically the same as that decided by the supreme court of the United States in *Driesbach* v. *National Bank,* 104 U. S. 52, in which that court held that: "Usurious interest *paid* a national bank on renewing a series of notes can not, in an action by the bank on the last of them, be applied in satisfaction of the principal of the debt." In that case the court re-affirms its decision in *Barnett* v. *National Bank,* 98 U. S. 555, in which the same ruling was made, and the latter case in addition decides that, "The act of Congress of June 3, 1864, (U. S. Rev. Stat. secs. 5197, 5198,) having prescribed that, as a penalty for such taking, (that is, taking usurious interest,) the person paying such unlawful interest, or his legal representative, may, in an action of debt against the bank, recover back twice the amount so paid, *he can resort to no other mode or form of procedure."* The court in its opinion says: "The remedy given by the statute for the wrong is a penal suit. To that the party aggrieved or his legal representative must resort. He can have redress in no other mode or form of procedure. The statute which gives the right prescribes the redress, and both provisions are alike obligatory upon the parties." 98 U. S. 559; *Farmer's National Bank* v. *Dearing,* 91 U. S. 29; *Stafford* v. *Ingersoll,* 3 Hill 38.

These decisions made by the supreme court interpreting an act of Congress, are direct authority and binding upon this

Court.   National banks have been brought into existence by the national government and are regulated and controlled by that government.   Their constitutionality has been sustained and as the laws of Congress, passed in pursuance of the Federal Constitution, are supreme, the States can exercise no control over such banks nor in any wise affect their operation, except in so far as Congress may see proper to permit.   *Bank of United States* v. *McCulloch*, 4 Wheat. 316; *Weston* v. *Charleston*, 2 Pet, 466 ; *Ex Parte McNeil*, 13 Wall. 240.

Congress having prescribed the rate of interest which a national bank may charge and likewise the penalty for taking more than the rate allowed, the States are bound by the limitations thus prescribed both as to the rate and the penalty. They can impose no penalty nor enforce any forfeiture beyond that fixed by Congress; nor can they apply remedies other than those given by the act declaring the forfeiture or the penalty.   *Davis* v. *Randall*, 115 Mass. 547 ; *Willey* v. *Starbuck*, 44 Ind. 298.

The supreme court of Pennsylvania in *Lucas* v. *Government National Bank*, 78 Pa. St. 228, and *Overhall* v. *National Bank*, 82 *Id.* 490, held that, "In an action by a national bank on negotiable paper discounted by it, the defendant may set-off the amount of interest in excess of the lawful rate paid on other transactions."   But after the decision of the United States supreme court in *Barnett* v. *National Bank, supra,* the supreme court of Pennsylvania overruled those and other decisions and followed the decision in *Barnett* v. *National Bank, vide, First National Bank* v. *Gruber,* 87 Pa. St. 465 ; S. C. Brown's Nat. Bank Case 395 ; *National Bank of Fayette* v. *Dushane,* 96 Pa. St. 340.

This case was decided in the circuit court before the passage of ch. 104 of Acts 1882, and, therefore, that statute can have no effect upon our decision.   But if it could be regarded applicable to this case, we would be compelled, under the foregoing decisions of the Supreme Court of the United States, to hold it unconstitutional and void as to all national banks in this State.

*Lynch* v. *Bank,* 22 W. Va. 554, is a case very different from this and the decision in that case has no application

here. That was an action to recover double the amount of the usurious interest paid the bank by the plaintiff, while this is an action in which the defendants are attempting to set-off usurious interest paid against the principal of the debt sued on. The former is expressly authorized by the act of Congress, while the latter can not be done according to the authorities before cited.

Other objections were taken in the court below and relied on in this Court by the plaintiff in error, but they are all predicated on the right of the defendants to set-off against the debt in suit the usurious interest previously paid on said debt. Having arrived at the conclusion that the defendants are not entitled to any such set-off, it is unnecessary to consider said objections as no error committed by the circuit court in them could prejudice the plaintiff in error.

The circuit court gave the defendants the benefit of their plea of usury by refusing to allow the plaintiff any interest on its debt from the time it became due until the date of the judgment. The plaintiff obtained judgment for the principal of its debt and nothing more, the interest having been forfeited by the express terms of the statute. U. S. Rev. St., sec. 5198. I am, therefore of opinion, that the judgment of the circuit court was right and must be affirmed.

AFFIRMED.