THOMAS McGHEE v. FIRST NATIONAL BANK OF TOBIAS.

FILED APRIL 4, 1894.    No. 4801.

1. **Usury:** INTEREST.   Where a national bank loans money at a usurious rate which is included in the note, in an action to enforce the contract the interest is forfeited.   Following *Hall v. First Nat. Bank of Fairfield*, 30 Neb., 99.

2. **Negotiable Instruments:** CONSIDERATION: USURY.   A promissory note given for already accrued interest, in part usurious, was without consideration, and suspension of the right of collection between its date and maturity in no way operated to supply this essential element otherwise lacking.

3. **Chattel Mortgages:** CONSIDERATION FOR NOTE.   A mortgage gives to the mortgagee no right of possession of the chattels mortgaged when the note thereby secured is wholly without consideration.

ERROR from the district court of Saline county.   Tried below before MORRIS, J.

*L. W. Colby* and *L. M. Pemberton,* for plaintiff in error.

*F. I. Foss, contra.*

RYAN, C.

The defendant had taken from plaintiff a note for the sum of $470.50, secured by a chattel mortgage on certain

stock owned by the plaintiff.    After the note fell due the defendant, by its agent, took possession of the mortgaged property with a view to the payment of the aforesaid note by foreclosure of the mortgage securing its payment. Plaintiff replevied the mortgaged property, and upon a trial of the rights of the respective parties had to the court, judgment was rendered in favor of the defendant for the return of said property or its value.    This value having been fixed by stipulation, the judgment was made absolute for the sum of $505 as measuring defendant's damages.

There is but one question presented, and that, too, upon facts as to which the parties differ but slightly in their contentions.    Contemporaneously with the making of the note for $470.50, there was made between the parties thereto a written agreement, by the terms of which McGhee agreed, in consideration of the surrender by the defendant to Byers, Patterson & Co. of McGhee's three notes for the aggregate sum of $3,684.04 (the bank receiving therefor $2,700 cash from Byers, Patterson & Co.), that he, Mc-Ghee, should give to the bank his said note for $470.50, and that he would not bring an action for usury against defendant.    This agreement further provided that all the notes which plaintiff had made to defendant should remain with a party named therein, who should deliver the said notes to plaintiff after the time for bringing suit under the federal statutes for the exaction of usury should have fully elapsed, and not before.    If we add together the above $2,700 which Byers, Patterson & Co. were to pay the bank, the $470.50 for which the note was given, and the $513.54 denominated a "discount" in the agreement, we have a total of $3,684.04, the exact amount of the three notes stipulated to be turned over to Byers, Patterson & Co.    Upon full consideration of all the evidence adduced, we conclude that the so-called "discount" of $513.54 was but another name for the difference between the interest already accrued on usurious notes made by defendant to plaintiff and a sum

which the interest reckoned on loans at the rate of eight per cent per annum equaled at the date of said written agreement. In this view the note for $470.50 represented legal interest if the aforesaid agreement was effective to relieve previous transactions from the taint of usury, and not otherwise. The agreement, while it purported to be a compromise of differences between the parties, was clearly confined to the usurious transactions above referred to. In *Hall v. First Nat. Bank of Fairfield,* 30 Neb., 99, it was held that "where a national bank loans money at a usurious rate which is included in the note, in an action to enforce that contract the interest is forfeited." This principle forfeits all the interest due upon the transactions between the parties, provided the contract is tainted with usury. It is insisted, however, that the forbearance for the time covered by the note was a sufficient consideration upon which to predicate the right to enforce its payment. This proposition ignores the fact that the entire interest had been forfeited and that at the date of the note there was no liability whatever on plaintiff's part. The forbearance for a stated time of the collection of that which the payee had no right to collect falls within no definition of a consideration of which we have any knowledge. If the contention of defendant's counsel upon this proposition is correct, there could never be shown a want of consideration for a note due at a time later than its date, for the proposition insisted upon implies a sufficient consideration from the mere fact that an interval of time intervenes between its date and maturity. The mortgage was but an incident of, and dependent upon, the note for its validity. As the note by reason of the premises was not collectible, the mortgage securing it conferred no right of possession of the mortgaged chattels upon the defendant. The judgment of the district court is, therefore,

REVERSED.

POST, J., not sitting.