# CHARLESTON.

## Charleston National Bank v. Bradford.

Submitted January 11, 1902.   Decided March 22, 1902.

1. Former Decisions Affirmed.
   Syl. pts. 1, 2 and 3, *Bank* v. *Boylen*, 26 W. Va. 554, re-affirmed. (p. 257).

2. Usury—*Renewal of Notes—Application.*
   Usurious interest paid a national bank on renewing a series of notes cannot in an action by the bank on the last of them be applied in satisfaction of the principal of the debt. *Driesbach* v. *Bank*, 104 U. S. 52.   (p. 257).

3. Usury—*Interest—How Recovered.*
   The remedy given by s. 5198 Rev. Stat. U. S. for the recovery of usurious interest paid to a national bank is exclusive. *Stevens* v. *Bank*, 111 U. S. 197.   (p. 257).

Error to Circuit Court, Kanawha County.

Action by Charleston National Bank against W. A. Bradford. Judgment for plaintiff and defendant brings error.

*Corrected and Affirmed.*

J. W. Kennedy, for plaintiff in error.

S. S. Green and A. M. Pritchard, for defendant in error.

McWhorter, Judge:

This was an action of *assumpsit* brought by the Charleston National Bank against W. A. Bradford in the circuit court of Kanawha County with an *indebitatus* count on a note dated October 18, 1899, for two hundred and seventy-eight dollars negotiable and payable to said bank sixty days after date at said bank at Charleston, West Virginia, with eight *per centum* in-

terest after maturity until paid. Plaintiff filed the affidavit of H. L. Pritchard, its cashier, under section 46, chapter 125, Code, showing amount plaintiff was entitled to recover under the declaration "including principal and interest after deducting all payments, credits, and setsoff made by the defendant" to be the sum of two hundred and eighty-nine dollars and eighty-one cents. The defendant appeared and tendered a special plea in writing accompanied with an affidavit, to the filing of which plea and affidavit the plaintiff objected and excepted, the court overruled said objections and exceptions and allowed said plea and affidavit to be filed, to which ruling the plaintiff excepted. The affidavit, omitting the formal parts, is as follows: "That he does not owe to the plaintiff as he verily believes to exceed two hundred and fifty dollars in said action, that said claim so sued on embraces a long series of notes and renewals thereof, upon each of which was paid usurious interest and that it is impossible to ascertain the true and accurate amount so due the plaintiff without an account taken of all of said transactions from the beginning, and he is unable to say just what amount is really and legally due the plaintiff in this action." The special plea in writing tendered by the defendant was "that the contract in the said declaration mentioned was for the payment of a greater amount of interest than six *per centum.* And this the defendant is ready to verify." Plaintiff asked and obtained leave to amend its declaration, after naming the plaintiff and alleging it to be a corporation by adding the words "a National Bank duly chartered and organized under the laws of the United States of America, in the City of Charleston, county of Kanawha and State of West Virginia." The defendant then asked and obtained leave to amend his special plea by adding to the end of it, "and that said plaintiff is not a national bank duly chartered and organized under the laws of the United States of America," to which amendment plaintiff objected and excepted. The court rendered judgment for plaintiff for two hundred and fifty dollars, the amount exceeding which defendant stated in his affidavit he was not indebted to plaintiff, with interest on said sum from the 3rd of September, 1900, until paid, and as to the residue of said claim the court retained same for trial on the plea of usury. To the ruling of the court in rendering such judgment and in allowing said amendment to the declaration, and in not requiring the plaintiff to reply gen-

erally to the special plea before rendering the judgment, and in not directing the said special issue as provided in section 6, chapter 96, Code, the defendant objected and excepted and obtained a writ of error and *supersedeas* to said judgment.

Section 41, chapter 125, Code, provides that it shall not be necessary to prove the existence of a corporation alleged in the declaration to be such, unless the pleading which puts the matter in issue be verified, or an affidavit filed with it denying the existence of such corporation. This amendment to the plea should not have been permitted to be made. Section 5197 Rev. Stat. U. S., provides that, "Any association may take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at the rate allowed by the laws of the state, territory, or district where the bank is located and no more, except that where by the laws of any state a different rate is limited for banks of issue organized under the state laws the rate so limited shall be allowed for associations organized or existing in any such state under this title." Section 5198, *Id.* provides: "The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done. shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid or a legal representative may recover back in an action in the nature of an action of debt twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred," and then provides that such action may be brought in the United States courts, or state, county, or municipal courts, where the association is located, having jurisdiction in similar cases. The questions arising in this case are controlled by the case of *Bank* v. *Boylen,* 26 W. Va. 554, in which case the syllabus is as follows: "1. Under the provisions of the act of Congress—U. S. Rev. Stat. ss. 5197, 5198—usurious interest, actually paid to a national bank on discounting and renewing a series of notes, can not in an action by the bank on the last of them be applied in satisfaction of the principal of the debt. 2. The said act having prescribed as the penalty for taking usurious interest, that the person paying the same may in

an action recover twice the amount so paid, he can resort to no other mode or form of procedure. 3. Congress having prescribed the penalty for the taking of usurious interest by a national bank and likewise the remedy for recovering such interest, the states and their courts are bound thereby and they can neither add to the penalty nor apply any remedy other than that so prescribed." In *Driesbach* v. *National Bank,* 104 U. S. 52, it is held: "Usurious interest *paid* a national bank on renewing a series of notes cannot in an action by the bank on the last of them be applied in satisfaction of the principal of the debt." *Stevens* v. *Bank,* 111 U. S. 197. The affidavit of defendant filed with his plea disclosed the fact that his only defense to the action of plaintiff was the usurious interest paid on "a long series of notes and renewals thereof, upon each of which was paid usurious interest." Under s. 5197, Rev. Stat. U. S. defendant could make no such defense in this case. In *Stevens* v. *Bank,* cited, it is held: "The remedy given by Rev. Stat. s. 5198, for the recovery of usurious interest paid to a national bank is exclusive," and cites *Barnet* v. *National Bank,* 98 U. S. 555; *Bank* v. *Dearing,* 91 U. S. 29; *Driesbach* v. *Bank, supra.* It appears from the note sued on in this case that it was to draw usurious interest from date of its maturity. The judgment of the circuit court should have been for the plaintiff for two hundred and seventy-eight dollars the principal of said note with interest from the 9th day of April, 1901, the date of the judgment. The interest on said note being forfeited by the express terms of the statute, said s. 5198, the judgment. therefore, is set aside and annulled and this Court proceeding to render such judgment as the circuit court should have rendered, it is considered that the plaintiff recover against the defendant two hundred and seventy-eight dollars, the principal of said note with interest thereon from April 9, 1901, until paid, and its costs expended in the circuit court, and being the party substantially prevailing in this Court upon the writ of error is entitled to costs and damages according to law.

*Corrected and Affirmed.*