# CHARLESTON.

## NATIONAL BANK OF WESTON *v.* LYNCH et al.

Submitted September 14, 1910.    Decided May 9, 1911.

1. PLEADING—*Amendment of Declaration.*
    A declaration may be amended, in form, or in substance, so long as the identity of the cause of action is preserved. (p. 334).

2. JURY—*Right to Jury Trial—Usury as a Defense.*
    The right to plead usury, and to have the issue thereon tried by a jury, as provided by section 6, chapter 96, Code 1906, is a substantive right, of which a defendant can not be deprived. (page 335).

3. BANKS AND BANKING—*National Banks—Usury—Rights of Maker of Note.*
    In an action by a National Bank against the maker of a note, defendant has the right, by sections 5197 and 5198, Revised Statutes of the United States, to reduce the amount of the recovery by the amount of usurious interest which the note bears on its face, or which is included and carried therein; but he can not off set usurious interest actually paid; his remedy for illegal interest actually paid being by action under said section 5198, to recover back twice the amount actually paid. (p. 336).

Error to Circuit Court, Gilmer County.

Action by the National Bank of Weston against Thursey M. Lynch and others. Judgment for plaintiff, and defendant Thursey M. Lynch brings error.

*Reversed and Remanded.*

*Charles E. Hogg,* for plaintiff in error.

*Robert L. Bland,* for defendant in error.

MILLER, JUDGE:

The first point of error is, that the court below permitted plaintiff to amend its declaration, charging the note sued on to be the joint note of defendants, instead of joint and several, as charged in the original declaration. The only case cited for this proposition is, *Postmaster General* v. *Ridgway,* Fed. Cas. No. 11,313. In that case plaintiff had declared against one obligor alone as jointly and severally bound. The plea was *non est factum.* The bond offered on the trial was the joint bond of defendant and another. On objection, on account of variance, the court in its opinion says: "It is no doubt true that amendments may be made, not only in form but even in substance. But surely the court is not to be put to sea; nor is this privilege to be so construed as to introduce suddenly, and on the trial, new parties and a new cause of action." This was the real point in the case. No authority is cited for the court's conclusion. The amendment made in the case at bar was not in the midst of the trial, but before trial, by amended declaration, regularly filed, and process thereon, and regularly matured at rules. The cause of action was the same, not a new and different cause of action from that alleged in the original declaration. Besides our statute, section 8, chapter 131, Code 1906, authorizes such amendments, even in the midst of the trial. The authority of the court to permit amendments exists independently of statute. *Travis* v. *Peabody Ins. Co.,* 28 W. Va. 583. Allegations may be changed and others added, so long as the identity of the cause of action in preserved. *Kuhn* v. *Brownfield,* 34 W. Va. 252; *Hanson* v. *Blake,* 63 W. Va. 560. Other cases justifying the amendment are, *Gilchrist* v. *Oil Co.,* 21 W. Va. 115; *Van Winkle* v. *Blackford,* 33 W. Va. 573. The point of error is overruled.

The next point is that the court below rejected defendants' plea of usury. The plea tendered was in general terms, such as is provided for by section 6, chapter 96, Code 1906. The statute says defendant may plead such plea, a substantial right, we think, given by law, and of which a defendant, if not otherwise precluded, can not be deprived. Upon the filing of such plea this statute requires the court to direct a special issue to try three things: (1) Whether or not, the contract, assurance or other writing is usurious; (2) if so, to what extent; (3) whether or not the interest. has been paid on such contract, assurance or other writing, above six per cent., and if so, to what extent. It is further provided that if the verdict upon the plea of usury be for the defendant, judgment shall be rendered for the plaintiff for the principal sum due, with interest at the rate of six per cent. per annum, and if any interest has been paid above the rate of six per cent. per annum, the excess over and above that rate shall be entered as a credit · on the sum due, and if nothing be found due after applying all credits, and all excessive interest, judgment shall be entered for the defendant.

We think, a defendant, if he so elects, has the right to file this plea of usury, and have the issues thereon tried, without interposing any other plea to the action. In the case at bar, however, the action being debt, defendants were permitted to demur to the declaration, and to file a general plea of *nil debet,* in writing, without counter affidavit filed, and without objection on that ground, but their plea of usury was rejected. It is suggested in brief of defendants' counsel that the court below may have rejected this plea for want of a counter affidavit; if so, it is argued, the affidavit of the plaintiff accompanying the declaration, does not appear to have been filed at rules, or by any order of the court, so as to cut off defendants' plea. The point we think immaterial, for whether or not plaintiff's affidavit was filed, the plea of *nil debet,* a plea to issue, entered without objection, operated as a waiver by the plaintiff of its right to require a counter affidavit and to set aside the office judgment, and admit the pleas. *Williamson & Co.* v. *Nigh,* 58 W. Va. 629; *Parfilt* v. *Sterling Veneer and Basket Co.,* 68 W. Va. 438, 69 S. E. 985, 992. The judgment below rejecting this plea we think was clearly erroneous. The plea

should have been received, and the issue, as the statute provides, directed and tried by the jury. The right given by the federal statute does not supersede the right given by the state statute.

The briefs and arguments of counsel, however, are mainly devoted to the question whether defendants have the right, as against plaintiff, a national bank, to cut down recovery on the note sued on, to the extent of the usurious interest charged or borne by the note. Such rights as the defendants have are given by sections 5197 and 5198, Revised Statutes of the United States. It seems to be settled law that a defendant cannot off-set against principal, usurious interest actually paid by him; that his only remedy for illegal interest actually paid is the right given by the statute to recover back twice the amount so paid, the penalty prescribed by section 5198, for the unlawful taking of usurious interest. *Bank* v. *Deering,* 91 U. S. 29; *Bank* v. *Boylen,* 26 W. Va. 554; *Lynch* v. *Bank,* 22 W. Va. 554; *Bank* v. *Bradford,* 51 W. Va. 255, and cases cited.

It is earnestly insisted, however, that although the note sued on does not bear on its face a usurious rate of interest, or in fact any interest, nevertheless, there is included in the note usurious interest, not paid, but agreed to be paid, and that, within the meaning of said section 5198, it carries with it usurious interest, not recoverable as principal, in said action; and that defendants' general plea of usury, under the state statute, fairly presents this issue, and was improperly rejected on that ground. As we have already concluded the judgment must be reversed for rejecting this plea, we need not, and do not, decide the question, whether it is good as a plea under the federal statute. In *National Bank* v. *Lewis,* 75 N. Y. 516, defendant seems to have combined his defenses under state and federal statutes, in the same plea. In Bolles on the National Bank Act, (4th Ed.) page 264, referring to this case, and to *National Bank* v. *Orcutt,* 48 Barb. 256, 257, and other cases, strongly indicates that the plea under the federal statute must be specific; while in *Bank* v. *Littell,* 46 N. J. 507, the court holds that if the maker of a note is entitled to set up the usurious interest contract between plaintiff and the endorser, it is not necessary to plead the federal statute specially, but that he may avail himself of it under the general issue. In *Brown* v. *Bank,* 169 U. S. 416, Justice Harlan says: "No matter how

many renewals may have been made, if the bank has charged a greater rate of interest then the law allows, it must, if the forfeiture clause of the statute be relied on, and the matter is thus brought to the attention of the court, lose the entire interest which the note carries or which has been agreed to be paid." But as we have said we do not decide the question of pleading; for the benefit of the court and counsel on another trial, we refer to the authorities found on the subject.

Returning to the main question, may a defendant, where the note, on its face, or in fact carries usurious interest, interpose the plea of usury, and thereby reduce recovery by the amount of the usurious interest carried in the note? The law seems to be well settled that he may do so. *Brown* v. *Bank, supra; Danforth* v. *National State Bank,* 48 Fed. 271; *Bank* v. *Stauffer,* 1 Fed. 187; *Bank* v. *Bradford, supra; Bank* v. *Hoagland,* 7 Fed. 159; *Shafer* v. *Bank,* (Kan.) 36 Pac. 998; *Bank* v. *Donnell,* 172 Mo. 384; 72 S. W. 925; *McGhee* v. *Bank,* 40 Neb. 92, 58 N. W. 537; *Hall* v. *Bank,* (Neb.) 46 N. W. 151. If, however, the usurious interest has in fact been paid his only remedy is by action to recover it back; he can not offset it against the principal of the note.

For the reasons above given the judgment below will be reversed and a new trial awarded.

*Reversed and Remanded.*