FIRST NATIONAL BANK OF DILLONVALE *v.* B. J. NEUHARDT

(No. 8221)

Submitted January 21, 1936. Decided January 28, 1936.

*Schmidt, Hugus & Laas, Erskine, Palmer & Curl* and *Austin V. Wood,* for plaintiff in error.
*Hall, Goodwin & Paul,* for defendant in error.

MAXWELL, JUDGE:

B. J. Neuhardt was awarded writ of error to a judgment rendered against him in the circuit court of Ohio County for $5,807.63 in favor of First National Bank of Dillonvale. The verdict was for $6,037.85, but the plaintiff accepted a remittitur.

The action is on a note for $6,000.00, with collateral security, executed by the defendant at Wheeling, West Virginia, October 21, 1929, payable to the order of himself, on demand, at the office of Hazlett & Burt in said city. The note was purchased of Hazlett & Burt by the plaintiff. The collateral securities have not been sold.

The note in suit is a renewal of a note dated July 24, 1929. Interest at the rate of seven per centum per annum was charged and collected on the original note and on the renewal until July 1, 1931. Numerous credits covering interest appear on the back of the note.

By his plea of set-off, the defendant alleges that before and at the time of the commencement of this action the plaintiff was holding, and had appropriated to its own use, certain shares of stock of the defendant in the Wheeling Steel Corporation and Hazel-Atlas Glass Company; that on account of said stock and by reason of certain dividends thereon received by the plaintiff, and because of certain sums of money belonging to the defendant which were paid by Hazlett & Burt to the plaintiff, without defendant's consent, there should be recovery by the defendant from the plaintiff of the sum of $22,554.03.

This plea properly concluded with a verification. There was a special reply thereto, but the defendant adduced no proof. The subject matter of the plea is therefore eliminated from the case.

The defendant's principal contention is that inasmuch as the transaction was tainted with usury, all payments which have been made should be credited on the principal and not applied to interest as was in fact done.

Under federal statute, a national bank which collects interest in excess of the legal rate of the state wherein it has its place of business is liable to forfeit to the debtor twice the amount of the entire interest paid, provided an action for recovery thereof be instituted within two years from the time the usurious transaction occurred. U. S. C. Title 12, Sections 85, 86. In respect of the transaction here involved, there can be no recovery by the debtor under said statutory provision because of the lapse of time.

Of the collateral placed with the note in suit, there were sixteen shares of Hazel-Atlas Glass Company stock. Dividends thereon were received by the bank and credited on the back of the note for interest. The defendant personally paid interest on three dates, to-wit, October 3, 1931, January 22, 1932, and July 2, 1932. Other than

the crediting of the dividends and the three payments made by the defendant, all payments of interest were made by Hazlett & Burt, stock brokers of the city of Wheeling. The defendant takes the position that the application by the plaintiff of the stock dividends to the discharge of interest *pro tanto* was unwarranted and that the payments made by Hazlett & Burt were without his knowledge, and, therefore, must be deemed to have been made by them, not as agents for him, but as agents for the bank. On that premise, it is urged by the defendant that the federal usury statute, *supra,* was at no time applicable to the situation, and consequently that he could not have recovered thereunder; further, that all of the credits on said note must be deemed to have been payments at large, which, because of the usury involved, should have been credited to principal and not to interest.

We are of opinion that the trial court correctly rejected this theory, because, in the first place, though there is no direct testimony that Hazlett & Burt were the agents of the defendant in this transaction, the circumstances carry preponderating weight on that score. In the second place, the defendant, by the payment of interest in the fall of 1931 and the winter and summer of 1932 must be deemed to have approved and ratified the course of the transaction to those dates, respectively. All credits (except the dividends applied) must therefore be considered as payments of interest voluntarily made by the defendant, either personally or through his agents. It follows that his exclusive remedy was under the federal statute, of which he did not avail himself.

The remaining question pertains to the application of the Hazel-Atlas dividends. The testimony with reference to these dividends is not ample, though the court evidently understood which items of credit on the note represented the dividends. In the remittitur the court fixed their amount at $258.40. Inasmuch as the remittitur was for the benefit of the defendant, if the calculation made by the court was not correct, as now alleged by the defendant, he should have pointed out the error, but this he did not do. In fact, the record does not dis-

close that he raised any question of the correctness of the remittitur. He cannot inject that proposition here initially.

The action of the trial court in requiring this remittitur was sound. The application of the dividends as credits on the note not having been voluntarily made by defendant, either personally or by agent, he is entitled to have them applied on the principal. *Citizens National Bank* v. *Forman's Assignee,* 111 Ky. 206, 63 S. W. 454, 56 L. R. A. 673, and annotation, p. 701.

Perceiving no prejudicial error in the record, we affirm the judgment.

*Affirmed.*