FIRST NATIONAL BANK OF CAMERON *v.* B. J. NEUHARDT

(No. 8200)

Submitted January 21, 1936. Decided February 4, 1936.

*Schmidt, Hugus & Laas, Erskine, Palmer & Curl,* and *Austin V. Wood,* for plaintiff in error.

*Hall, Goodwin & Paul,* for defendant in error.

HATCHER, PRESIDENT:

This proceeding involves the application of the federal statute on usury.

The defendant Neuhardt executed three notes to the plaintiff bank in 1930, two of which bore usurious interest. Certain corporate stock was given plaintiff as security. Dividends from this stock were credited by plaintiff in part payment of the interest upon the notes, and the balance of the interest was paid by defendant. He wrote plaintiff that he preferred to give his personal checks in place of the dividend checks "for the amount of interest"; but his preference, not being granted, was not pressed. In July, 1931, plaintiff sold the collateral stock and applied the proceeds on the principal of the three notes, without objection from defendant. In July, 1932, defendant made a note to plaintiff for $1400.00, which represented the balance then due on the three notes, and is the subject of this litigation. Plaintiff re-

covered judgment herein for $1400.00 with interest from May 9th, 1934, the date this action was instituted. Defendant obtained a writ of error.

Defendant contends that plaintiff was not entitled to interest on the two usurious notes; and that the dividends received from the collateral stock should have been credited on the principal of the three notes instead of on the interest.

(1) The federal statute permits a debtor to recover usurious interest from a national bank only when an action for the recovery is commenced within two years from the time of the usurious transaction. U. S. C., Title 12, Section 86. The remedy given by the federal statute is exclusive. *Bank* v. *Bradford,* 51 W. Va. 255, 41 S. E. 153; *First National Bank of Dillonvale* v. *Neuhardt,* 117 W. Va. 25, 183 S. E. 604; U. S. C. A. 12, Sec. 86, Anno. 191. The two-year period had expired in this instance before the defendant questioned plaintiff's right to the usury. Consequently, the question cannot be considered now.

(2) Defendant's second contention is but an extension of his first, and is met precisely by the decision in *Bank* v. *Boylen,* 26 W. Va. 554, 53 Am. Rep. 113. The rule there stated is that under the federal statute "usurious interest actually paid to a national bank on discounting and renewing a series of notes, cannot in an action by the bank on the last of them be applied in satisfaction of the principal of the debt." In pursuance of the common understanding between the parties, the dividends were applied at the time to the payment of interest. Hence, they cannot now be credited on the principal.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*