ANNA FISHER, *Executrix*, v. B. J. NEUHARDT

(No. 8201)

Submitted January 21, 1936. Decided February 11, 1936.

*Schmidt, Hugus & Laas, Erskine, Palmer & Curl* and *Austin V. Wood,* for plaintiff in error.

*Hall, Goodwin & Paul,* for defendant in error.

MAXWELL, JUDGE:

This is a review, on writ of error, of a judgment of the circuit court of Ohio County in favor of Anna Fisher, executrix of the last will of David Fisher, deceased, against B. J. Neuhardt, for $1336.56.

The judgment is for the unpaid balance of a note, with collateral security, executed by Neuhardt payable to himself on demand at the office of Hazlett & Burt in the city of Wheeling. The collateral security was evidenced by a certificate for 100 shares of the capital stock of the Hazel-Atlas Glass Company. Neuhardt indorsed the note. Hazlett & Burt, stock brokers, sold and transferred the note to David Fisher on the day of its execution.

The note was placed by David Fisher at the First National Bank of New Martinsville for collection. On June 12, 1930, at the request of Hazlett & Burt, the bank exchanged for the said certificate of Hazel-Atlas stock which stood in the name of Hazlett & Burt another certificate for a like number of shares of said stock in the

name of B. J. Neuhardt. A few weeks later, there was placed with said note, as evidence of further collateral security, a certificate for ten shares of Hazel-Atlas stock in the name of B. J. Neuhardt, representing a stock dividend.

From the agreed statement of facts, it appears that "prior to May 15, 1930, and from the date of the note to that date, interest was paid upon said note by the defendant through Messrs. Hazlett & Burt to the said David Fisher at the rate of seven per cent. After May 15, 1930, any interest payments made were at the rate of six per cent." The amount of the usurious interest, $5.04, seems to have been credited on the principal by the court and to have been taken into account in both the directed verdict and judgment thereon.

November 24, 1930, the cashier of the First National Bank of New Martinsville sent a registered letter to the defendant demanding payment of the note, and stating that in default of payment, within two days the collateral would be sold. This letter did not promptly reach Neuhardt because he was then ill in a hospital. The letter was returned to the bank. Later, the cashier of the bank wrote him another letter enclosing the one of November 24th. This latter communication, with enclosure, finally reached Neuhardt in April, 1931. There was no further notice to, or demand of, Neuhardt prior to sale of the collateral.

On the 21st of August, 1931, the collateral of 110 shares of stock of the Hazel-Atlas Glass Company was sold through A. E. Masten & Company, brokers at Wheeling, at the market price on that date, and the proceeds of sale, $5,279.44, were credited on the note. The same date, David Fisher placed with A. E. Masten & Company, brokers, his order for the purchase of 110 shares of stock of the Hazel-Atlas Glass Company, and purchased that number at the market price.

Within the period between August 21, 1931, and June 3, 1933, David Fisher died. On the latter date, Anna Fisher qualified as executrix of his will. The certificate

for the stock purchased as above stated by the decedent came into her possession as executrix. November 3, 1933, the defendant tendered to the executrix full payment of the note on condition that she return to him the stock certificate she had received as aforesaid, which tender and demand she refused. The following May this suit was instituted.

It is a point of error that the holder of the note could not sell the collateral "without first demanding payment of the note at the place provided in the instrument, and then giving the maker notice of the 'failure to perform his contract,' and the time and place of sale of collateral." The stipulations on the note authorized the sale of the collateral "through any Broker, either at private sale or public auction at the option of the holder thereof, without demanding payment of this note, or the debts thereon, and without any advertisement, notice of intention to sell or of the time or place of sale." For discussion of the legal principle involved on this point, see the case of *Berry* v. *Neuhardt,* 117 W. Va. 67, 183 S. E. 858, decided contemporaneously herewith. Therein we held: "A pledgor of personal property hypothecated to secure a debt, may waive demand for payment of the obligation and notice of sale of the collateral."

It is alleged as error that the note was materially altered after its execution, and, therefore, there could be no recovery thereon. The alleged alteration has reference to the substitution of one stock certificate for another in the same corporation and for the same number of shares. There are two answers to this criticism. First: Hazlett & Burt were agents of Neuhardt in connection with this note, and in making the substitution they must be deemed to have acted within the scope of their authority. Second: Such substitution involved no change in Neuhardt's liability on the note, because both certificates represented identical shares. *Gorman* v. *Littlefield,* 229 U. S. 19, 33 S. Ct. 690, 57 L. Ed. 1047. The substitution, therefore, being wholly inconsequential to Neuhardt from a material viewpoint, such act can-

not properly be said to involve a substantial alteration of the instrument.

The further point that the trial court erred in allowing interest on the residue of the note subsequent to the above mentioned tender of November 3, 1933, is not well taken, because the sale of the collateral had been made within the conditions and authorization of the collateral note. Even if David Fisher's acquisition of an equal number of shares of stock on the same day from the same broker who sold the defendant's collateral be deemed in fact a purchase of the latter, such purchase was expressly authorized by the terms of the note. Under such circumstances, there was no legal basis for defendant's demand that the collateral be returned to him upon his offer to pay the note in November, 1933.

As to the defendant's plea of set-off, there is no evidence in support thereof.

Being of opinion that there is no prejudicial error in the record before us, it is our duty to affirm the judgment.

*Affirmed.*