FIRST NATIONAL BANK OF NEW MARTINSVILLE *v.*
B. J. NEUHARDT

(No. 8199)

Submitted January 21, 1936. Decided February 11, 1936.

*Schmidt, Hugus & Laas, Erskine, Palmer & Curl* and *Austin V. Wood,* for plaintiff in error.

*Hall, Goodwin & Paul,* for defendant in error.

WOODS, JUDGE:

This is a proceeding by notice of motion to recover balance due on two collateral demand notes, interest at six per centum, payable to order of "myself," at the offices of Hazlett & Burt, and endorsed by the maker, B. J. Neuhardt, in blank, one note bearing date February 13, 1930, for $3,900.00, and the other, April 1, 1930, for $4,800.00. Each note confers upon the holder thereof the right, upon the non-performance of said promise, (1) to sell, assign and deliver the collateral, through any broker, either at private sale or public auction at option of the holder, without demanding payment of the note,

and without any advertisement, notice or intention to sell or of the time or place of sale, and (2) to become the purchaser thereof. Plaintiff, a national banking institution, purchased the foregoing notes from Hazlett & Burt. "Interest," according to the stipulation of facts, "was paid upon each of said notes by defendant through Hazlett & Burt" from their respective dates to May 15, 1930, at rate of seven per centum, and thereafter, at six per centum; and that on the last-mentioned date, sums equal to seven per centum had been "received by plaintiff" upon each of said notes. Defendant was advised by letter of August 14, 1931, that if additional collateral was not forthcoming by the 20th instant, the 165 shares Hazel-Atlas Glass Company stock (combined collateral on the two notes) would be sold. On August 21, 1931, the said 165 shares were sold at the instance of plaintiff bank, through Masten & Company, brokers, at 48½, and, on the same day, the said bank purchased three blocks of Hazel-Atlas Glass Company stock, totalling in all 344 shares, at 48½. The proceeds of sale, $7,919.16, was credited on the principal of the two notes. Verdict was rendered for $803.35 (balance due on principal, plus $22.50 interest from date of institution of the action).

Defendant contends (1) that the several payments, other than proceeds derived from sale of collateral should have been credited on principal instead of interest; (2) that the sale of the collateral, upon insufficient demand for payment and notice of sale, constituted a conversion of the stock; and (3) that it was improper to permit interest from date of bringing action to be included in the verdict.

Defendant claims that the stipulation does not show a specific direction to have the payments prior to May 15, 1930, applied to interest, and that, therefore, by virtue of Section 86, Title 12, U. S. Code, the same should have been credited to the principal obligation. See *First National Bank of Dillonvale* v. *Neuhardt,* 117 W. Va. 25, 183 S. E. 604, and *First National Bank of Cameron* v. *Neuhardt,* 117 W. Va. 31, 183 S. E. 857, decided by this Court on January 28th and February 4, 1936, respective-

ly. This position, as we view it, is not well taken in view of the fact that the parties stipulated that usurious interest was paid on behalf of defendant, through Hazlett & Burt, and received by plaintiff prior to May 15, 1930. Such is tantamount to a statement that payments were earmarked as interest. And, as pointed out in *Berry, Receiver,* v. *Neuhardt* (decided contemporaneously herewith, 117 W. Va. 67, 183 S. E. 858), the fact that the notes, on their face, called for legal rate of interest indicates that there was a definite understanding to that effect.

It becomes unnecessary, in view of our holding in *Berry, Receiver,* v. *Neuhardt, supra,* to consider the sufficiency of the demand for payment and the notice to sell the collateral. In that case, in which identical waiver provisions were involved, it was held in Point 2, syllabus, that "a pledgor of personal property, hypothecated to secure a debt may waive demand for payment of the obligation and notice of sale of the collateral." We must, therefore, under the record made, hold the sale of the stock to be valid.

The plaintiff was entitled, under the decisions, to the item of legal interest from the commencement of the action, which was included in the amount of the verdict. *Brown* v. *Marion National Bank,* 169 U. S. 416, 18 S. Ct. 390, 42 L. Ed. 801; *Second National Bank* v. *Fitzpatrick,* 111 Ky. 228, 63 S. W. 459, 62 L. R. A. 599.

Perceiving no error in the judgment, the same is accordingly affirmed.

*Affirmed.*