SECREST BERRY, *Receiver, v.* B. J. NEUHARDT

(No. 8215)

Submitted January 21, 1936. Decided February 11, 1936.

*Schmidt, Hugus & Laas, Erskine, Palmer & Curl* and *Austin V. Wood,* for plaintiff in error.

*Hall, Goodwin & Paul,* for defendant in error.

LITZ, JUDGE:

The plaintiff, Secrest Berry, as receiver of First National Bank of Beallsville, Ohio, recovered judgment against defendant B. J. Neuhardt, in the sum of $526.60; and defendant prosecutes error.

The action was brought (by notice of motion for judgment) on a collateral promissory note for $4,250.00, dated January 1, 1928, signed by Neuhardt, as maker, payable "on demand after date" to the order of himself and indorsed by him. The note bears interest at the rate of six per centum, and authorizes the sale of the collateral (consisting of 85 shares of the capital stock of Hazel-Atlas Glass Company) privately or at public auction, "upon the non-performance of this promise * * * without demanding payment of * * * (the) note * * * and without any advertisement, notice of intention to sell or of the time or place of sale." The collateral was sold February 2, 1932, presumably at the instance of the National Bank of Beallsville, Ohio, holder of the note, without demand of payment of the note or notice of the sale, for $3,442.07 which was credited on the note. Numerous payments, received by the holder of the note before the sale of the collateral, were applied by it to usurious interest. The case having been submitted to a jury upon a stipulation of fact, the court directed a verdict for plaintiff in the sum of $790.21. Upon motion of defendant for a new trial, plaintiff accepted a remittitur of $297.50 for dividends received by it from the stock before sale.

The grounds relied on by defendant for reversal (which the trial court rejected) are (1) that all payments applied by the bank in discharge of usurious interest should have

been credited on the principal of the note; and (2) that sale of the collateral, without demand of payment of the note or notice of sale, constituted a conversion.

*First*: By virtue of section 86, Title 12, U. S. Code, authorizing double recovery of usurious interest collected by a national bank, payments to the bank on a usurious debt must be credited to the principal obligation unless paid as interest or applied by the bank as interest with the consent of the debtor. Being unable, on account of the lapse of time, to recover usurious interest by virtue of the statute, defendant asserts that all payments should be credited to the principal, under the claim that none is shown to have been made by defendant as interest or applied as such by the bank with his consent. Whether the application by plaintiff of payments to usurious interest was authorized or assented to by defendant, of course, depends upon the stipulation of the parties, which, in that connection, states: "That the figures marked 'Exhibit B' * * * (therewith) reflect the *interest received* by the bank on the note up to July 1, 1930." "Exhibit B" reveals usurious interest charges received by the bank from October 1, 1928, to June 1, 1930, as follows:

|  | Amount | Rate |
|---|---|---|
| "Interest to Jan. 1st 1929_ | 76.02 | 7% |
| Interest to April 1st 1929_ | 74.38 | 7% |
| Interest to July 1st 1929_ | 75.24 | 7% |
| Int. to Oct. 1st 1929____ | 94.93 | 8.74% |
| Int. to Jan. 1st 1930____ | 76.03 | 7% |
| Int. to April 1st 1930____ | 74.38 | 7% |
| Int. to July 1st 1930____ | 71.66 | 7% for Apr.-May 6% for June" |

These facts necessarily imply the direction or consent of defendant to the application by the bank of payments to usurious interest charges, for the reasons: (1) The stipulation goes beyond the mere statement that the bank received payments (which it applied to usurious interest) by disclosing that it received usurious interest; (2) each of the payments applied to usurious interest is for the exact amount in dollars and cents of interest due; (3) as the original contract provided for legal rate of interest,

the *receipt* of usurious interest by the bank involved the consent of defendant.

*Second*: According to the general rule, the pledgor of personal property, hypothecated to secure a debt, may waive demand for payment of the obligation and notice of sale under the contract of pledge. *Judy et al.* v. *White et al.*, 238 Ky. 547, 38 S. W. (2d) 444; *Whitman* v. *Boston Terminal Refrigerating Co.*, 233 Mass. 386, 124 N. E. 43; 49 C. J. sec. 254, page 1001; 21 R. C. L. sec. 50, page 690. Defendant, however, insists that the language of the note is not sufficiently definite to constitute a waiver of demand for payment. This contention is predicated upon the theory that the words "upon the non-performance of this promise," means non-payment, *upon demand,* of the obligation. This probably would be true but for the immediate language expressly authorizing sale of the collateral without demanding payment of the note. The contract may be oppressive, but the courts have no power to alter or modify the agreements of parties *sui juris* without equitable considerations. We are, therefore, of opinion that the sale of the collateral was legal.

The judgment of the circuit court is, accordingly, affirmed.

*Affirmed.*